No. 10,885.

## Bish v. VanCannon.

FRAUD.—*Complaint.*—*Bargain and Sale.*—A complaint for damages for fraud practiced upon the plaintiff, by the defendant, in an exchange of lands, is insufficient when there is no allegation that any such exchange had ever been made, nor that any loss otherwise had been sustained by the plaintiff on account of the fraud alleged.

PRACTICE.—*Motion in Arrest After Demurrer to Evidence.*—A defendant does not waive his right to test the sufficiency of the complaint by a motion in arrest, by demurring to the plaintiff's evidence.

*Quære*, does the defendant's demurrer to the plaintiff's evidence waive his right on appeal to question the overruling of his demurrer questioning the sufficiency of the complaint?

From the Huntington Circuit Court.

*I. VanDevanter, J. W. Lacey, W. VanDevanter, A. Steele, R. T. St. John, R. G. Steele, G. W. Harvey, J. C. Branyan, C. W. Watkins* and — *Branyan,* for appellant.

*B. M. Cobb, J. B. Kenner, J. F. McDowell, G. S. McDowell* and *G. W. Gibson,* for appellee.

FRANKLIN, C.—Appellee sued appellant for alleged fraud in a land trade. The complaint was originally in two paragraphs, and against Bish and wife.

On motion of plaintiff the cause of action was dismissed as to the wife and as to the first paragraph of the complaint, and that paragraph was withdrawn. A demurrer was overruled to the second paragraph. Issues were formed and a trial commenced before a jury; when the plaintiff closed his evidence the defendant demurred to the evidence. The court overruled the demurrer, assessed the damages and rendered judgment thereon over motions for a new trial and in arrest of judgment.

The sufficiency of the second paragraph of the complaint is called in question by the demurrer, the motion in arrest of judgment and the specification in the assignment of errors, that the complaint does not state facts sufficient to constitute a cause of action. The charging part of the second paragraph of the complaint reads as follows:

"That the plaintiff, on the 9th day of October, 1877, was the owner of the northeast fractional quarter of section 22, township 24, range 7 east, containing 134 acres, of the value of $6,000, situate in Franklin township, Grant county, Indiana. And the said defendant knowing that said plaintiff was desirous of exchanging or trading the same for. Western lands, and said Bish being the owner of lands in the State of Kansas, to wit, the north half of section 21, township 13, range 10 south, containing 320 acres, more or less, proposed to trade or exchange his said Kansas land for said plaintiff's said Grant county land. Said plaintiff further states that said defendant, for the purpose of inducing said plaintiff to make said trade, sale or exchange with him for his said Kansas land, did, on said 9th day of October, 1877, falsely and fraudulently represent to said plaintiff that his said Kansas land, above described, contained over 200 acres of first-class bottom or farm lands, with a small creek or branch running across the west end; that there was a big

spring on said land that never was known to fail since the country was settled; that said spring afforded water sufficient for an ordinary herd of cattle the year round; and that the remainder of said land was first-class slope farm land, all clear of rock except a little piece or patch in southwest corner, and that was scattered over with loose limestone rock that could easily be picked up on the top of the ground; that there was no rock sticking up on the top of the ground at all; that there was more rolling land in cultivation in Washington township, Grant county, than there was in the half section; that there was cotton-wood timber along the creek eight inches through and under, and tall and nice, and the underbrush sufficient for shade; that it was worth $10 per acre; that if the land was not as he represented it to be, he would make it so; and that he had been on the land and all over it, and that it was precisely as he represented it to be, and even better than he said it was.

"Said plaintiff further states that he informed said defendant at the time, that he knew nothing about the land nor its value, nor its situation, nor condition; that he desired to sell, trade, or exchange his farm for good Western land well adapted to farming purposes, well watered, with sufficient timber, to move to and make a home out of, and that if he so traded with or exchanged lands with him, he would rely entirely upon his statements and representations concerning the same.

"Said plaintiff further states that said defendant, for the purpose of cheating and defrauding this plaintiff out of his said above described Grant county land, so made said false and fraudulent statements and representations as aforesaid, knowing the same to be false in every particular; and well knowing that said plaintiff was wholly relying upon the statements so made by said defendant to him at the time of, and prior to, said trade and exchange.

"Said plaintiff further charges that said defendant's statements were false in this, that there was no bottom or first-class farm land on said Kansas land; that there was no small

creek or branch; that there was no spring whatever on the same; that there was no first-class slope land on it; that there was no timber or shade on it; that it was worthless, being broken and hilly, covered all over with rock so as to be totally unfit for cultivation or farm purposes in any manner whatever, and that the same was of no value, all of which facts said defendant well knew. Yet plaintiff avers that by the fraudulent means aforesaid the defendant had perpetrated a great fraud upon him, whereby he sustained damages in the sum of $8,000, for which he demands judgment and other proper relief."

This complaint is certainly defective; it appears to have been closed before it was finished. It nowhere shows that the plaintiff was in any wise affected by the alleged false representations of the defendant. There is no allegation that the plaintiff acted upon the alleged fraudulent representations by exchanging the lands referred to, or that he did anything else on account thereof. There can be no available fraud without an injury.

The ignorance of the plaintiff of the facts, and his reliance upon the defendant's representations, are not affirmatively stated, but only inferentially by alleging that the defendant was informed and well knew such to be the case. This is not a sufficient mode of pleading.

The plaintiff may have a good cause of action, but, if so, he must state it in his complaint, when the proper objection. is made, before the defendant can be required to answer.

Where a demurrer to a complaint has been overruled, and a demurrer to the plaintiff's evidence has been filed, in considering the demurrer to the evidence, defects in the pleadings can not be taken into consideration. But upon appeal we see no good reason why the demurrer to the evidence should waive the demurrer to the complaint; by the demurrer to the complaint being overruled, the defendant was compelled to take issue upon the complaint as it was, and submit

Bish *v.* VanCannon.

to a trial. A demurrer to evidence is only one of the modes of trial, and only tests the sufficiency of the evidence. But without deciding anything upon this question, we think there is no doubt but the sufficiency of the complaint can be tested by the motion in arrest of judgment, and perhaps, under our statute, by the specification in the assignment of error that the complaint does not state facts sufficient to constitute a cause of action. See the case of *Lindley* v. *Kelley*, 42 Ind. 294. In the case of *Cort* v. *Birkbeck*, 1 Doug. 218, it was held that the ruling upon a demurrer to evidence had the same effect as a verdict by the jury, except as to the assessment of damages, and that required a writ of inquiry. Lord MANSFIELD, in rendering the opinion, then adds: "After that, the defendant may take advantage of any objection to the declaration, by moving in arrest of judgment, or bringing a writ of error."

Under the practice of writs of error, the question as to the sufficiency of the complaint could be brought up by a demurrer having been overruled to it. But as we have no writs of error, since they were abolished by statute, and whether the defendant by demurring to the evidence, did or did not waive his demurrer to the complaint, he did not preclude himself from afterwards testing the sufficiency of the complaint by his motion in arrest of judgment.

The court erred in overruling the motion in arrest of judgment, for which error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded with instructions to the court below to sustain the motion in arrest of judgment, and for further proceedings in accordance with this opinion.

Filed March 27, 1884.