Turner *et al. v.* Engle.

Filed Nov. 23, 1889.

---

No. 13,938.

## TURNER ET AL. *v.* ENGLE.

PLEADING.—*Complaint.—Insufficiency of Demurrer.—Rescission of Contract.— Fraud.*—A complaint in an action for the rescission of a contract of sale of real estate on the ground of fraud, which alleges that the defendants falsely and fraudulently procured the plaintiff to convey to one of them certain real estate ; that the defendants made false representations about the value of certain promissory notes which they agreed to endorse to the plaintiff; that the plaintiff relied upon the representations, and believed them to be true ; that they were not true, and the notes were not endorsed to him ; that the plaintiff, upon the false representations, conveyed to the defendants the land, and delivered to them a horse and some money ; that the plaintiff tendered back the notes before bringing suit,—does not show that the plaintiff was to receive the notes as a part consideration for the land, or that they have been transferred to him in payment of the land, or that they have ever been transferred to him, and the demurrer to the complaint should have been sustained.

From the Jay Circuit Court.

*D. T. Taylor* and *R. H. Hartford,* for appellants.

*J. W. Headington, J. J. M. La Follette* and *J. F. La Follette,* for appellee.

OLDS, J.—This is an action by the appellee against the appellants for the rescission of a contract of sale of real estate, on the grounds of fraud.

Turner *et al. v.* Engle.

The appellants each filed separate demurrers to the amended complaint. Appellants jointly and severally assign errors:

*First.* That the court erred in overruling the demurrers to the amended complaint.

*Second.* That the court erred in overruling the appellants' separate motions for a new trial.

*Third.* That the court erred in overruling appellants' motion to modify the judgment.

The amended complaint avers that on the 22d day of January, 1887, the plaintiff was the owner in fee simple of certain real estate, describing it, containing thirty-eight acres, in Jay county, Indiana; that on said day the defendants, Thomas R. Turner and Benjamin F. Tucker, falsely and fraudulently and for the purpose of cheating and swindling the plaintiff, procured the plaintiff to convey to said defendant Turner the real estate described, and said Turner has since conveyed the same to said Tucker; that said Tucker had and held certain promissory notes, amounting to seven hundred dollars, signed by one William T. Ayres, and payable to said defendants, which notes the defendants "falsely and fraudulently represented to said plaintiff were good, solvent and collectible notes," and further falsely and fraudulently represented that said William T. Ayers was a solvent man, and was financially good, and would and could pay said notes at any time, and would exchange for said notes good collectible notes now due; that they further falsely and fraudulently represented that said notes were secured by first mortgage on certain valuable real estate in Jay county, Indiana, and that they would endorse said notes to him, all of which statements so made were false and fraudulent, and were known to be so by said Turner and Tucker, and each of them, and were made for the purpose of inducing said plaintiff to enter into said trade; that said plaintiff was ignorant and could not read or write, and had no knowledge of business matters, and was induced by said defendants not to make inquiry thereto; that plaintiff relied on said

Turner *et al. v.* Engle.

statements so made and believed them to be true; that in truth and in fact said notes were wholly worthless; that said William T. Ayers, at the time, was and still is wholly insolvent, having no property and could not pay said notes, and had no notes to exchange therefor, but is wholly and totally insolvent; that said notes were not secured by first mortgage on any real estate, and said defendants did not endorse them to him; that upon said false representations said plaintiff conveyed said lands to said defendants, and also delivered to them one horse of the value of $150, and said defendants paid him as a difference $40; that as soon thereafter as the plaintiff learned of said fraudulent character of said transaction, and that all of said statements were false, and that said notes were wholly worthless, he went to said defendants and tendered to them said notes and said sum of $40, and demanded a reconveyance of said land and the possession of said horse, and offered to pay all expenses connected therewith, which said defendants refused to do, and plaintiff brings the notes and money into court. Prayer for a rescission of the contract and for other proper relief.

The appellants each filed a separate demurrer to this complaint for cause, that it did not state facts sufficient to constitute a cause of action, and the overruling of these demurrers are assigned as error, and the question is presented as to the sufficiency of the complaint to withstand a demurrer. Several objections are urged to the complaint, one of which is that it nowhere appears that the appellants transferred the notes to the appellee in payment for the land, and this objection being urged, we are required to pass upon it. The objection to the complaint is not so much as to what is averred, but on account of what is omitted to be averred. It does not appear by any averment in the complaint as to what was the consideration paid or to be paid for the land, or that the plaintiff was induced to exchange the land for the

notes, or that the notes were taken in part or in full consideration for the land.

It is averred that the defendants fraudulently, and for the purpose of cheating and swindling the plaintiff, induced the plaintiff to convey the land to Turner ; then follows the false representations made about the notes, among which is the averment that the defendants agreed to endorse the notes to the plaintiff, but it is not stated what was to be the consideration for such endorsement. Then it is averred that plaintiff relied on the representations, and believed them to be true, and that they were not true, and it is averred that the defendants did not endorse the notes, and nowhere is it alleged that they were transferred by the defendants to the plaintiff in any way. It is further averred that upon the false representations plaintiff conveyed to the defendants the land, and delivered to them a horse, and they paid him $40 of a difference.

Then it is alleged that the plaintiff tendered back the notes, but it does not appear by averments in the complaint, nor can it be legitimately inferred from any averments, if it were proper to draw inferences from facts alleged in a pleading in order to sustain it, that the plaintiff was to receive the notes as a part consideration for the land, or that they have ever been transferred by the defendants to him in payment for the land, or that the defendant ever in fact made any transfer of the notes to the plaintiff. From aught that appears in the complaint, all of its averments may be true, and the plaintiff may have paid some other consideration for the notes, or received them from some third person, or they may have been the property of some third party when he tendered them to the defendants.

The complaint, therefore, is clearly bad for the reasons pointed out. *Bish* v. *Van Cannon,* 94 Ind. 263.

Some other questions are discussed as to the variance between the complaint and the evidence offered in support of

it, but as the complaint will have to be amended, this question will probably not arise on a re-trial of the cause.

The cause having to be reversed on account of the insufficiency of the complaint, it is not necessary to pass upon the questions presented which arose on the trial or in the rendition of the judgment.

Judgment reversed, at the costs of the appellee, with instructions to the circuit court to sustain the demurrer to the amended complaint.

