WILLIAM FLOYD *vs*. METROPOLITAN LIFE INSURANCE COMPANY, a corporation of the State of New York.

1. INSURANCE—LIFE INSURANCE—INSURABLE INTEREST.

In the absence of statutes or rules of the insurance company restricting beneficiaries, a person in good faith can insure his own life for the benefit of another in whom he may be interested.

2. INSURANCE—LIFE INSURANCE—WARRANTIES.

A false statement by an insured in his application for a life policy, to the effect that he was then carrying insurance in no other company, was a warranty, and vitiated the policy.

(*March* 24, 1914.)

Judges Boyce and Conrad sitting.

*Lilburne Chandler* for plaintiff.

*Andrew C. Gray* (of *Ward, Gray and Neary*) for defendant.

Superior Court, New Castle County, March Term, 1914.

Summons Case (No. 14, September Term, 1913), by William Floyd against Metropolitan Life Insurance Company to recover the sum of three hundred and fifteen dollars, under an insurance policy issued by the defendant to Albert Hanlin, deceased, on the twelfth day of August, A. D. 1912, payable to the plaintiff, on the death of the insured. Payment was resisted on the ground that the beneficiary named in the policy did not have an insurable interest, and because the deceased made untrue answers in his application for insurance. Binding instructions were given to find for the defendant. For s. c. in Supreme Court, see— *Boyce*—, 94 *Atl.* 515.

Conrad, J., delivering the opinion of the court:

[1] In the absence of statutes or rules of an insurance company, association or society restricting beneficiaries, by the great weight of authority it is competent for a person in good faith to insure his own life for the benefit of another in whom he may be interested. *Dolan v. Supreme Council, etc.*, 152 *Mich.* 266, 116 *N. W.* 383; 16 *L. R. A.* (*N. S.*) 555, 15 *Ann. Cas.* 232; *Cooley on Insurance, Vol.* 1, *p.* 261.

[2] In part C, second page, of the application for the policy signed by the insured, in this case, it was agreed by him "to induce the Metropolitan Life Insurance Company to issue policy, and in consideration therefor I agree, on behalf of myself and of any other person who shall have or claim interest in my policy issued under this application, as follows:

"Whenever nothing is written in the following paragraph it is agreed that the declaration is true without exception."

In paragraph 12 following is this: "I have no insurance on my life, except in the following named companies and for the following amounts, and by the word 'company' I mean any company, association, society or order granting life insurance." Nothing is written in this paragraph but under part A, on the first page

of the application, are the following questions and answers: "13. Is said life now insured in any other company or society, or association? If so, give names and associations. No. 13a. Any other? None."

There is also this stipulation: "I hereby apply for the described policy, and all the statements in parts A and C of this application are made by me to induce the Metropolitan Life Insurance Company to issue said policy of insurance."

The law is well settled that false answers to questions such as are involved in this case in an application for insurance vitiate the contract, the answers being held to be warranties, and to be material to the risk.

The answers of the applicant in this case before us regarding the fact of other insurance existing on his life, at the time he made the application to the Metropolitan Insurance Company, having been proven to be false, their falsity renders the policy issued null and void, and plaintiff cannot recover. *Grand Fraternity v. Keatley*, 4 *Boyce* 308, 88 *Atl.* 553.

Other questions of law were presented to us, but upon them there is no need of us expressing an opinion.

We therefore grant the prayer of defendant's counsel for binding instructions, and instruct the jury to return a verdict for defendant.

Verdict for defendant.