8800

### LEDFORD v. METROPOLITAN LIFE INS. CO.

(81 S. E. 497.)

INSURANCE.  LIFE POLICY.  DEFENSES.  EVIDENCE.

1. In an action on a life policy, evidence of decedent's attending physician that within a year prior to the date of the policy he had treated her for a rundown condition of her system, and suspected lung trouble, but never made any tuberculin test, and did not know whether she had tuberculosis or not, was insufficient to sustain a defense under a provision of the policy that no obligation was incurred unless on the date of the policy insured was in sound health, in that at that time she was afflicted with tuberculosis.

2. Where, in an action on a life policy, defendant pleaded unsound health of insured at the time the policy was issued by reason of tuberculosis, and for that reason the policy was void under a provision that no obligation was assumed thereunder unless insured was in good health. at the time the policy was delivered, defendant was confined to the disability pleaded, and could not claim a forfeiture for other reasons.

Before PRINCE, J., Greenwood, March, 1913.    Affirmed.

Action by Thomas V. Ledford against the Metropolitan Life Insurance Company.  Judgment for plaintiff, defendant appeals.  The facts are stated in opinion.

*Messrs. Elliott & Herbert,* and *Featherstone & McGhee,* for appellant, cite: *Construction of contract: Watson* v. *Life Ins. Co.,* Mun. Court City of N. Y., March 4, 1910; 59 N. Y. 387; 123 N. Y. 613; 133 N. Y. 356-364; 63 N. Y. 404; 111 Fed. 19, 29; 84 Atl. 1062; 73 N. J. L. 619; 136 Am. St. Rep. 534; 130 Am. St. Rep. 356; 122 Am. St. Rep. 413; 121 Am. St. Rep. 676; 96 Am. St. Rep. 698; 25 Am. St. Rep. 619; 53 Am. St. Rep. 757; 19 A. & E. Enc. 65; 24 Am. St. Rep. 619; 60 Am. Rep. 661; 16 Cyc. 920, 922, 919; 194 U. S. (26 L. ed.) 710; 83 S. C. 239; 77 S. C. 191; 61 S. C. 339; 3 Am. St. Rep. 634; 65 Am. St. Rep. 757, 887.

*Messrs. Grier, Park & Nicholson,* for respondent, cite: *Defense plead:* 29 S. C. 580; 50 Am. Rep. 810; 28 S. C. 438-439; 77 S. C. 296.

April 21, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action on a policy of life insurance. The defendant admitted the execution of the policy. The only issues in the case grow out of the 8th paragraph of defendant's answer, which is as follows:

"8. Further answering the complaint, defendant alleges that the policy of insurance described in the complaint provides as follows: *'Provided, however,* That no obligation is assumed by the company prior to the date hereor, nor unless on said date the insured is alive and in sound health;' and this defendant is informed and believes that on the date of said policy, to wit, May 22, 1911, and for some time prior thereto the insured, Mrs. Roxie Ledford, was not in sound health, but on the contrary was suffering from tuberculosis or consumption of the lungs. The said policy further provides that said policy is void if the insured before its date has been attended by a physician for any serious disease or complaint, or had before said date any pulmonary disease, and this defendant is informed and believes that previous to the application for said policy and previous to the date of said policy the insured, Mrs. Roxie Ledford, had been attended by a physician for a serious disease, to wit, tuberculosis or consumption of the lungs, and that previous to the application for said policy and previous to the date of said policy the insured, Mrs. Roxie Ledford, had a pulmonary disease, to wit, tuberculosis or consumption of the lungs. Wherefore, the said policy described in the complaint is null and void."

The want of soundness is alleged to be "tuberculosis or consumption of the lungs." It is further alleged that the

12—97

deceased had been "treated by a physician for tuberculosis or consumption of the lungs," and this treatment, whether the disease existed or not, vitiated the policy.

The defendant asked for the direction of a verdict. This was refused by Judge Prince, who presided at the trial of the cause on Circuit. From this ruling and from the charge itself, this appeal is taken. The exceptions are full and the case can be fully understood by an immediate consideration of the exceptions.

Exception I:

"Because it is respectfully submitted, that his Honor, the presiding Judge, erred in not directing a verdict for the defendant, at the close of all of the testimony, when it appeared from the undisputed testimony:

"a. That the policy sued on provides that if the insured 'has been attended by a physician for any serious disease or complaint or has had, before said date, any pulmonary disease,' that said policy shall be void. The undisputed testimony showed that the insured had been attended and treated by a physician for tuberculosis or lung trouble or consumption and that the insured died within twelve months from the issuance of the policy of said disease."

"b. That the policy sued on further provides that it is void unless at the date of its issuance 'the insured is alive and in sound health.' The undisputed testimony showed that the insured had, before said policy was taken out, been treated for consumption, of which disease she died in less than one year thereafter."

"c. That when the insured was examined by Dr. Owens, the physician for the defendant company, before the policy was issued, she stated in her written application for the insurance that she had not been treated by a physician at all, for any disease or complaint, within two years previous to that time, when the undisputed testimony showed that she had been treated by Dr. Epting for consumption or pulmonary disease within said time—the said statement being

absolutely false and made for the purpose of procuring the insurance and being a fraud on the company."

Dr. Epting was appellant's witness and testified as follows:

"Q. Did you or not treat her for lung trouble? A. I gave her the same treatment that I give for any other run-down condition of the system. The treatment that I gave her builds up the system. Q. Did you treat her for lung trouble? A. I gave her a general treatment for her whole system. The Court: Mr. Featherstone, you must remember the doctor is your witness. Q. I will ask you whether or not you did treat her for lung trouble and not how you treated her? A. I suspected lung trouble. Q. And you gave her a treatment for that? A. Yes, sir. Q. That was what time? A. It was between the first of February and March. I cannot be accurate about dates. I made several visits to her house to see the children. Q. Did you not also treat her for pellagra? A. That was a year afterwards. Q. That was in 1911? A. It was in February, 1912. Q. I will show you this statement here to refresh your memory from: A. That statement was made from memory, too. I do not remember all those details. It would be impossible to remember the details of every case. Q. You did suspect lung trouble and treated her for lung trouble in May, 1911? A. Yes, sir; only I don't remember exactly about the dates. Cross-examination, by Mr. Grier. Q. As I understand you simply suspected some trouble of that kind? A. That is all. I never made any tuberculine test, and I do not know whether she had it or not. Q. Could you tell she had any sysptoms of that kind? A. No, sir."

Dr. Owens, the company's medical inspector, certified at the time the application for insurance was made that "personal appearance good." The plaintiff testified as follows:

"Q. What disease, if any, did she have at the time this policy was taken out? A. None that I know of. So far as I know, there was nothing wrong with her."

It is true, the plaintiff does say that the deceased had pellagra before the policy was taken out, but Dr. Epting testifies positively that pellagra developed afterwards. Dr. Epting merely suspected that the insured had lung trouble, and a mere suspicion is not enough to warrant a Court in finding as a matter of law or fact that any contract is void. Dr. Epting did not treat the insured specifically for tuberculosis or consumption of the lungs, but "I gave her a general treatment for her whole system," and that treatment was "outdoor exercise and a plenty of fresh air."

This exception is overruled.

The other exceptions are as follows and will be treated together:

"2. Because, it is respectfully submitted, that the presiding Judge erred in charging the jury as follows:

"a. In charging the jury that plaintiff was entitled to recover unless the testimony showed that the insured had tuberculosis or consumption at the time the policy was issued; whereas, it is respectfully submitted, that he should have charged the jury that plaintiff was not entitled to recover if she was not in sound health, at the time the contract for insurance was made, or if she had been treated by a physician previous to that time for tuberculosis or consumption, or if the statement she made to procure the insurance, viz.: that she had not been treated by a physician within two years before the application was made, was false."

"3. Because the Circuit Judge erred in restricting defendant's defense to the sole question as to whether or not the defendant had tuberculosis at the time the insurance was procured and in charging the jury that that was the only defense upon which the defendant could rely; whereas, the answer of the defendant expressly pleads the provisions of the policy which avoids the same, in case the insured was not in sound health at the time the contract was made and alleged that she was not in sound health at that time; the

answer further pleads the provisions of the policy rendering it void if insured had been attended by a physician for any serious disease or complaint or for tuberculosis or consumption previous to the issuance of the policy and alleges that she had been so attended before that time."

"4. Because the Circuit Judge erred in restricting the defense of the defendant, as before stated, to the sole issue as to whether the insured had tuberculosis at the time the insurance was procured and in not charging the jury that under the issues raised by the pleadings the plaintiff could not recover, if the statement that she made, in her application, that she had not been attended by a physician at all, for any disease or complaint, within two years previous to that time, was false. In other words, that said false statement constituted a fraud on the company, which fraud avoided the policy."

"5. Because the Circuit Judge erred in charging the defendant's first request to charge, as follows: 'If the jury believe from the evidence that the insured had been treated by a physician for tuberculosis, previous to the date of the policy, within the time specified in the policy, then plaintiff cannot recover.' And then in restricting, or amending, the said request by charging the jury as follows: 'I charge you that, gentlemen, provided, if you find that the insured had tuberculosis at the time she made her application for insurance—if you find that she had tuberculosis at that time—then the policy is null and void;' whereas, he should have charged said request as written, without modification or amendment,—it being respectfully submitted that under the terms of the policy the plaintiff could not recover if the insured had been attended by a physician before the contract was entered into, for tuberculosis, whether she actually had that disease or not."

"6. Because he erred in charging the second request of the defendant, as follows: 'If you believe from the evidence that the insured was not in sound health or was suffering from

tuberculosis at the time the policy was issued, then the plaintiff cannot recover,' and then modifying and restricting it by charging the jury that it made no difference whether the insured was in sound health or not at the time the contract was made and that unless she had tuberculosis, the policy would not be avoided."

"7. Because he erred in charging the jury that the sole question for them to consider was whether or not the insured had tuberculosis at the time the insurance was procured; whereas, he should have charged the jury, under the issues raised by the pleadings, that plaintiff was not entitled to recover."

"a. If the insured was not in sound health at that time.

"b. If she had been attended or treated by a physician for tuberculosis, or consumption, previous to that time.

"c. If the insurance was procured under the false and fraudulent statement that she had not been attended by a physician at all, for any disease or complaint, within two years previous to the time the insurance was procured."

These exceptions can not be sustained. The defense pleaded unsoundness by reason of "tuberculosis or consumption of the lungs," and that for that reason the policy was void. To that allegation the appellant was confined. The only forfeitures mentioned in pleading or in evidence were, 1st, tuberculosis or consumption of the lungs at the date of the policy.

2d. Treatment for that disease. There is no evidence that the insured had the disease at the date of the contract of insurance, or that she was treated specifically for it.

These exceptions are overruled and the judgment appealed from affirmed.

---

FOOTNOTE—The question of the effect of stipulation in application or policy of life insurance that it shall not become binding unless delivered to assured while in good health is discussed in notes in 17 L. R. A. (N. S.) 1144, and 43 L. R. A. (N. S.) 725.