WALKER *v.* ILLINOIS BANKERS' LIFE ASSOCIATION.

Opinion delivered October 20, 1919.

1.    LIFE INSURANCE—APPLICATION—MISSTATEMENT OF AGE—ACT OF AGENT.—The insured in a policy of life insurance will not be bound by, nor held responsible for, a misstatement of his age in his application, where the applicant signed the application in blank, and an agent of the company later filled in the incorrect age.

2.    SAME—SAME—SAME—KNOWLEDGE OF AGENT.—The knowledge of an agent of a life insurance company in the preparation of applications for insurance constitutes knowledge in the part of the company itself, which is responsible for the conduct of its own agent within the limit or apparent limit of his authority.

3.    SAME—STIPULATION IN CONTRACT AS TO LIABILITY—MISREPRESENTATIONS BY AGENT.—The fact that the application for a policy of life insurance contained an express stipulation to the effect that the company should not be bound by the misrepresentations of its own agent is unavailing to defeat liability, when it does not appear that the applicant himself participated in the fraud.

4.    SAME—SAME—SAME.—Where the agent of a life insurance company undertakes to fill out the application for insurance, and, after the applicant has signed the same in blank, the agent takes the same away and fills it out, the applicant is not bound to read it over in order to detect a misstatement.

Appeal from Yell Chancery Court, Dardanelle District; *Jordan Sellers,* Chancellor; reversed and judgment here.

*G. O. Patterson* and *J. E. Chambers,* for appellants.

1. The proof clearly establishes that Barger knew nothing as to the company's limitation as to his age; that he made true answers to all questions asked him by the agent of the company, who took his application and wrote his answers; that said agent knew of the limitation as to age and knowingly misstated his age in the application, and said agent never at any time advised the insured as to the misstatement as to his age, and insured never learned of the same; that the insured made true answers to the medical examiner of the company and was never apprised of the misstatements contained in the reports, and that he never had actual knowledge of the misstatements in the application or report of the examiner and never read either, nor the policy, and had no knowledge of the warranties or conditions relative to knowledge of the agent or examiner. The agent who wrote and forwarded the application was acting within the scope of his authority in filling out the blank application upon a form furnished him by the company.

Upon these proved facts the decree should have been for the defendant. 52 Ark. 11; 68 N. Y. 434; 24 *Id.* 302; 63 Ark. 187; 81 *Id.* 205; 81 *Id.* 508; 71 *Id.* 209.

2. Knowledge of the agent was the knowledge of the company. *Supra.* 65 Ark. 54, 581; 71 *Id.* 295; 81 *Id.* 508; 102 *Id.* 146-151; 104 *Id.* 508; 111 *Id.* 435; 126 *Id.* 360; 129 *Id.* 450; 134 *Id.* 245.

3. The findings of the chancellor are conclusive that the agent had knowledge of any misstatement in the application and the company is estopped from resisting payment on the grounds of misstatements. 24 N. Y. 302; 129 Ark. 450, and cases *supra.*

4. An innocent misstatement as to the age will not avoid a policy unless wilfully made. 134 Ark. 245. The provision as to misstatement as to age was well known to the agent at the time he wrote the application and when the policy was delivered. To permit the company to avoid liability would permit it to take advantage of its

own wrong. On the law and the proof the decree should be reversed. Cases *supra*.

*Hays & Ward* and *J. T. Bullock,* for appellee.

Barger was charged with notice of the clauses in the policy as to misstatement of his age. It was his duty to examine the policy; he had ample opportunity to read it and his failure to do so prevents him from pleading estoppel. The decree of the chancellor is right. He did not forfeit the policy but upheld it and based his decree upon clause 12 and that appellee was entitled to recover the difference between the amount actually paid and the amount for which the company was liable under the terms of the policy. 44 Misc. Rep. 478; 90 N. Y. Supp. 56; 117 U. S. 519; 2 Bacon on Life & Acc. Ins., § 216; 1 *Id.,* § 205. See also 170 N. Y. 13; 88 Am. St. 625; 13 Wall. (U. S.) 222, Lawy. Ed., 617; 107 N. Y. 292; 65 Ark. 295; 92 *Id.* 276; 212 S. W. 310-315. The cases cited by appellant as to forfeiture do not apply to the facts here, and the decree is right.

McCULLOCH, C. J. Appellee is a foreign life insurance company, and on March 2, 1916, issued and delivered a policy in the sum of $2,000 on the life of John C. Barger of Yell County. The policy contained the following stipulation:

"In the event of misstatement of age the amount payable on this policy shall be such as the premiums would have purchased at the correct age, except where the true age was beyond the age limit at which insurance would have been granted by the association; in which the liability of the association shall not exceed the sum actually paid the association with 4 per cent. interest thereon."

The age of fifty-five was fixed as the limit on which policies would be issued by the company.

The application signed by the appellant contained the following clause:

"I have verified each of the foregoing answers and adopt them as my own whether written by me or not,

and declare and warrant that they are full, complete and literally true answers to the questions against which they are written; and I agree that the exact literal truth of each shall be a condition precedent to any binding contract issued upon the faith of the foregoing answers. I also agree that proof of the fact that either the agent taking this application, or the examiner, has knowledge of facts contrary to any of the answers or declarations thereon shall not make valid insurance issued on the faith of such answers or declarations.''

Barger died a few months after the issuance of the policy. He assigned the policy to appellant Walker as creditor, and after his death Walker became administrator of his estate. Proof of death was duly made, and the amount of the policy was in due time paid over to appellant.

This is an action instituted by appellee in the chancery court of Yell County against Walker to recover the sum so paid under the policy on the ground that Barger misrepresented his age in the application for insurance, stating his correct age to be fifty-four years, when in fact his age was sixty-four years; that Barger made false representations concerning the state of his health at the time he procured the insurance, and that appellant Walker in his proof of loss also made false representations as to those matters and procured the payment of the policy on the faith of such false representations. It is not clear whether recovery is sought from Walker in his representative capacity as administrator of the estate of Barger, or individually as assignee of the policy, but, in view of the conclusion we have reached with respect to the merits of the controversy, it is unnecessary to take further notice of that fact.

The chancery court, on the trial of the cause, made a finding that the proof failed to show whether or not Barger had actual knowledge of the misstatement of age contained in the application, but held that he was chargeable with knowledge of the contents of the application by reason of having signed it, and that under the terms of

that portion of the policy set forth above there was no liability under the policy except for the amount of premiums paid with interest thereon, and the court rendered a decree in favor of appellee for recovery of the difference between the amount actually paid and the amount which the company was liable for under the terms of the policy.

(1)  The record supports the finding of the chancellor that there was no testimony that Barger had knowledge of the misstatement of his age, but we are of the opinion that the chancellor erred in his conclusion of law that Barger was, under the circumstances of this case, chargeable with notice of the misstatement, or that that portion of the policy referred to above was conclusive of the rights of the parties.  We are of the opinion that the clause in question has no application to the facts of this case for the reason that the proof does not show that Barger, the assured, misstated his age, but on the contrary the proof shows conclusively that the misstatement was made by appellee's agent without the knowledge of Barger, and that Barger was induced by the agent to accept the policy under the belief that it was a valid contract for the amount of insurance specified.  The policy was secured by Barger through appellee's local agent in Yell County.  The agent in question was clothed with authority to solicit, receive and forward applications for insurance and to deliver policies when issued by the company.  He secured the application from Barger and wrote out the application himself in which he inserted the statement of Barger's age at fifty-four years.  This was not done in the presence of Barger, but after the agent had carried the application to his home, or to his office, where it was filled out after Barger had signed it.

The agent testified that he asked Barger the date of his birth, but that when he filled out the blank he was not absolutely certain whether Barger had stated the date of his birth to be in the year 1851 or the year 1861, and that he wrote the date 1861 in the application, which made it show Barger's age to be fifty-four years.  He testified that he forwarded the application in that form, and that

when the policy was sent to him by the company for delivery to Barger he made the delivery and at the same time asked Barger how old he was and Barger stated his age to be sixty-four.   He testified further that he did not inform Barger of the mistake that had been made in the statement of the application concerning the age of the applicant, but delivered the policy to Barger, who immediately turned it over to him to be put away in the iron safe of appellant Walker.   The proof shows that Barger did not read the policy, and the conclusion is justified that he was induced to accept it and put it away without reading it by the conduct of the agent in impliedly representing to him that the policy had been issued in accordance with the application as correctly stating his age.

(2)  Under those circumstances the misrepresentation of the age of the applicant is not attributable to the applicant himself, and for that reason the clause limiting the amount of recovery under the policy is not applicable. Any other view of the matter would permit appellee to take advantage of the wrong of its own agent, who by his misstatement imposed on Barger and led him to believe that the policy was a valid contract for the amount of insurance named. It is scarcely necessary to cite authorities in support of the statement that the knowledge of such an agent of a life insurance company in the preparation of applications for insurance constitutes knowledge on the part of the company itself, which is responsible for the conduct of its own agent within the limit or apparent limit of his authority.   *Franklin Life Ins. Co.* v. *Galligan,* 71 Ark. 295; *People's Fire Ins. Assn. of Arkansas* v. *Goyne,* 79 Ark. 315; *Mutual Reserve Fund Life Assn.* v. *Cotter,* 81 Ark. 205.

(3)  The fact that the application contained an express stipulation to the effect that the company should not be bound by the misrepresentation of its own agent is unavailing to defeat liability when it does not appear that the applicant himself participated in the fraud.   *Insurance Co.* v. *Goyne, supra.*

(4)    It is earnestly insisted.that Barger should have read the policy and made such inquiry as would have brought the mistake to light, and that, having failed to do so, the loss should fall on those claiming under the policy, and not on the company.  This is not true, however, in the present case for the reason that the conduct of the agent was the cause of Barger's failure to make inquiry and read the policy.   He had the right to assume, under the circumstances, that his age had been correctly recorded in the application as stated by him to the agent.

The testimony in the case is not sufficient to warrant a finding that Barger falsely misrepresented the condition of his health in his application for the policy.

The heirs of Barger intervened in the action and filed a plea contesting the assignment of the policy to appellant Walker, and they, too, have appealed from the decree of the court dismissing the intervention.   However, the interveners have failed to abstract any testimony in support of their attack on the validity of the assignment, and no reason is stated in the brief why the court should have sustained their intervention.

The decree dismissing the intervention of the heirs is affirmed, but the decree in favor of appellee against appellant Walker is reversed and judgment will be entered . here dismissing the complaint for want of equity.   It is so ordered.