Ajax Rubber Company, Inc., a corporation of the State of Delaware, *v.* Emma S. Gam.

*(September* 13, 1923.)

Rice and Rodney, J. J., sitting.

*H. H. Ward, Jr.* (of Ward, Gray and Neary) for plaintiff.
*Harry Emmons* for defendant.

Superior Court for New Castle County, May Term, 1923. No. 40, March Term, 1923.

RICE, J., delivering the opinion of the court:

In our opinion the contract of guaranty, forming the basis for this action, is an absolute contract of payment unequivocal in its terms. The liability of the guarantor appears to be fixed upon the failure of the principal debtor to pay the indebtedness incurred within the terms of the guaranty. There is nothing in the guaranty to indicate that the creditor's liability was to be conditioned upon the failure of the Ajax Rubber Co., Inc., to collect from the

principal debtor. The guarantor not only guaranteed payment, if the principal debtor should fail to make payment, but prompt payment was guaranteed. This is an additional fact indicating that the guaranty was absolute in its terms and not conditional.

We have carefully examined the cases cited by the defendant and find only one case which may be considered as an authority supporting the argument, viz.: *Taussig v. Reid*, 145 *Ill.* 488, 30 *N. E.* 1032, 32 *N. E.* 918, 36 *Am. St. Rep.* 504. The Delaware cases, we believe, do not consider, and, therefore, do not determine the precise question now before the court. The cases cited by the plaintiff clearly support the contention that the guaranty in question is an absolute one and not conditional, and where the guaranty is one of payment and not one of collectibility, that it is not necessary for the plaintiff to allege and prove diligence on the part of a creditor against the principal debtor.

*Walter A. Wood Co. v. Ascher, supra,* where the guaranty is in the following language: "For value received I hereby guarantee the payment of the within note," the court said:

"The guaranty is in terms predicated upon no contingency, nor is it merely one of the collectibility of the note. It is a distinct and unequivocal guaranty of the payment of that obligation. Such a guaranty is uniformly treated by the leading textbooks as an absolute one."

And in *Johnson v. Charles D. Norton Co. (C. C. A.)*, 159 *F.* 361, where there was a contract "that to the extent of twenty thousand dollars ($20,000) we guarantee the payment of any and all amounts due or to become due, from the said companies or either of them to you for coal furnished from time to time to them or on their order respectively," the court said:

"The rule established by the federal courts * * * of most of the states, is to the effect that such a guaranty as that on which this suit is based is absolute, and that it is not necessary, in order to predicate an action at law upon it, that suits should have been prosecuted against the original debtor. * * * "

Again in *Kalmon v. Scarboro, supra,* where the guaranty was in the following language, "We do hereby guarantee to the said E. H. Kalmon the payment at maturity, in accordance with the terms of sale, of the price and value of all goods, wares, and mer-

chandise sold by them to the said J. M. Kent Company," the court said:

"The contract bespoke a continuing guaranty, until the guarantors should notify Kalmon to sell to the Kent Company no further. * * * The contention set up by demurrer, as to failure to show that the plaintiff had obtained a judgment against the Kent Company, is without merit. * * * The plaintiff is not required to reduce to judgment his claim against the principal debtor, if the contract of guaranty guarantees payment of the debt at maturity; and unless the principal debtor participates in the execution of the contract of guaranty, he will not, of course, be a proper party to a suit in which the instrument is the basis of the action. * * *"

In 12 *Ruling Case Law, p.* 1064, with respect to absolute and conditional guarantees, the following appears:

"An absolute guaranty is an unconditional undertaking on the part of the guarantor that the debtor will pay the debt or perform the obligation.

"A conditional guaranty imports the happening of some contingency other than the default of the principal debtor. The usual form of the conditional guaranty is an undertaking whereby the guarantor is liable for the principal's default in case the satisfaction of the principal obligation cannot with reasonable diligence be obtained from the principal. An absolute guaranty of payment differs from a conditional guaranty against loss as the result of nonpayment of a debt, in that in the first case the liability of the guarantor is fixed by the failure of the principal debtor to pay at maturity, while in the second the contract is in the nature of a guaranty of collection, no liability being incurred until after, by the use of due diligence, the guarantee has become unable to collect the debt from the principal debtor."

In the case of *Miller v. Northern Brewery Co. (D. C.),* 242 *F.* 164, 165, the guaranty provided:

"The undersigned * * * does hereby guarantee the faithful performance of all of the terms and covenants of the foregoing lease on the part of the said E. J. Blazier and August Kratz, the lessees therein named, including the payment of the rentals therein provided for."

The guarantor demurred to the declaration upon the guaranty, on the ground, *inter alia,* "that the plaintiff is not entitled to sue upon such guaranty until after he has exhausted his remedy against the lessees in the lease." The court held that the guaranty in question was an absolute and not a conditional one, and, therefore, it was unnecessary to proceed first against the principal debtor. The demurrer was overruled.

■■ We believe the guaranty in question, in its terms is an absolute one of payment upon default of the principal debtor, and we are of the opinion that, under the law in such cases, it was

not necessary for the plaintiff in its declaration to allege diligence in first prosecuting its claim against the principal debtor, or in the event of failure to exercise diligence against the principal debtor, the plaintiff is not required to allege facts to excuse such failure.

For the reasons stated, the demurrer filed in this case is overruled.