AJAX RUBBER COMPANY, INC., a corporation of the State of Delaware, *v.* EMMA S. GAM.

(*May* 7, 1924.)

HARRINGTON and RICHARDS, J. J., sitting.

*Herbert H. Ward, Jr.* (of Ward, Gray and Neary) for plaintiff.

*Harry Emmons* for defendant.

Superior Court for New Castle County; No. 40, March Term, 1923.

HARRINGTON, J., delivering the opinion of the court:

The instrument sued on guarantees the "prompt payment of all purchases heretofore made and that may hereafter be made" by A. B. Rothacker Rubber Company, Inc., from the plaintiff "up to the amount of Twenty-five Thousand ($25,000.00) Dollars, it being understood that this guaranty shall be a continuing guaranty and shall cover all purchases until written notice from the undersigned that this guaranty is terminated." It also expressly waived notice of any extensions of payment that might be granted by the Ajax Rubber Company to the principal debtor by the acceptance of notes or otherwise.

While most continuing contracts of guaranty may not be so construed, this court has already held that this particular instrument, by its express terms, constituted an absolute and unconditional agreement on the part of the guarantor to pay the debts then due and thereafter to be contracted by the principal debtor in its transactions with the plaintiff. *Ajax Rubber Co. v. Gam*, 4 *W. W. Harr.* (34 *Del.*) 260, 151 *A*. 828.

The sole question before us, therefore, is whether, under such a guaranty, the guarantor is entitled to notice within a reasonable time after the close of the transactions between the plaintiff and the principal debtor of the amount due the plaintiff from such debtor and of his default in payment.

The defendant contends that a guarantor is always entitled to such notice under a continuing guaranty, in order that he may protect himself in his dealings with the principal debtor.

Among other cases, in support of this contention, she cites *Douglass v. Reynolds*, 7 *Pet.* 126, 8 *L. Ed.* 626; *Id.*, 12 *Pet.* 497, 9 *L. Ed.* 1171; *Gardner v. Lloyd*, 110 *Pa.* 278, 2 *A.* 562; *Wildes v. Savage, Fed. Cas. No.* 17653, 1 *Story* 22; *Allen v. Pike*, 3 *Cush.* (*Mass.*) 238; *Brandt on Suretyship and Guaranty*, § 211; 28 *C. J.*, § 113, *p.* 963.

As a general proposition this contention is correct, but whether it is applicable to a case where the contract has already been held

to be absolute and unconditional is another question. As a matter of fact, the case above referred to (*Ajax Rubber Co. v. Gam*, 4 *W. W. Harr.* [34 *Del.*] 260, 151 *A.* 828) though apparently not seriously questioned by the defendant, would seem to be conclusive as to her rights in this case.

A guaranty is usually defined as "a promise to answer for the payment of some debt or the performance of some duty in case of the failure of another person, who is liable in the first instance." 2 *Daniels on Negotiable Instruments*, § 768; 2 *Randolph on Commercial Paper*, § 849.

Such contracts, though always to some extent conditional, because their binding effect depends upon the failure of some person, other than the guarantor, to perform his obligation (*Chitty on Contracts, page* 499) are so far as this case is concerned divided 'by law into two classes, namely: Absolute guaranties and conditional guaranties.

In *Ajax Rubber Co. v. Gam*, 4 *W. W. Harr.* (34 *Del.*) 260, 151 *A.* 828, *supra,* this court, in holding that the guaranty sued on in this case was an absolute and unconditional agreement, said

"the contract of guaranty, forming the basis for this action, is an absolute contract of payment. * *. * The liability of the guarantor appears to be fixed upon the failure of the principal debtor to pay the indebtedness incurred within the terms of the guaranty."

It, also, held that under such a contract it was not necessary for the declaration to allege any effort to collect from the principal debtor before proceeding against the guarantor. It defined an absolute guaranty as "an unconditional undertaking on the part of the guarantor that the debtor will pay the debt or perform the obligation" guaranteed.

In defining a conditional guaranty, it further stated that such a guaranty "imports the happening of some contingency other than the default of the principal debtor."

Under an absolute and unconditional guaranty there is, therefore, no express condition annexed to the contract itself, nor is any condition implied by law requiring the plaintiff to notify the guarantor of the default of the principal or of the amount due

the plaintiff at the close of his transactions with the principal debtor. By reason of that fact, the liability of the guarantor in such a case is governed by the same rules of law by which the liability of one who has broken an ordinary contract is determined. *Heyman v. Dooley, et al.*, 77 *Md.* 162, 26 *A.* 117, 20 *L. R. A.* 257; *Clay, et al., v. Edgerton,* 19 *Ohio St.* 549, 2 *Am. Rep.* 422; *Welch v. Walsh,* 177 *Mass.* 555, 59 *N. E.* 440, 52 *L. R. A.* 782, 83 *Am. St. Rep.* 302; *Lowe & Co. v. Beckwith,* 14 *B. Mon. (Ky.)* 184, 58 *Am. Dec.* 659; *Donley v. Camp,* 22 *Ala.* 659, 58 *Am. Dec.* 274; *Pingrey on Guaranty and Suretyship,* § 348, *page* 364; 3 *Kent. Com.* 123; 105 *Am. St. Rep.* 516; *Elliott on Contracts,* § 3934; 28 *C. J.,* § 137, *page* 980, § 139, *page* 982. See, also, *Brandt on Suretyship & Guaranty,* § 220.

The general rule as to collateral and conditional guaranties is, however, otherwise, and the necessity for demand and notice, though not expressly provided for, is usually implied by law. *Mayberry, et al., v. Bainton, et al.*, 2 *Harr.* 24; 28 *C. J.,* § 136, *page* 979, and § 138, *page* 981; *Pingrey on Guaranty & Suretyship,* § 352.

It is true that statements repeatedly appear in the textbooks to the effect that the authorities are in conflict as to the necessity for notice of non-payment by the principal debtor, but there seems to be little or no support, in the cases, for this statement where the particular guaranty involved is expressly held to be absolute and unconditional.

There are, however, many cases of guaranties of payment where demand and notice are required, where the courts do not state whether the particular guaranty is absolute and unconditional or otherwise, but where because of the general conditional character of any contract of guaranty, or otherwise, they are apparently treated as collateral and conditional. *Brooks v. Morgan,* 1 *Harr.* 123, and *Erwin v. Lamborn,* 1 *Harr.* 125, hereinafter referred to, are perfectly consistent with this statement.

The real difficulty in deciding whether demand and notice are necessary, therefore, lies in reaching a conclusion as to the proper construction of the guaranty sued on in the particular case. *Beebe v. Dudley,* 26 *N. H.* 249, 59 *Am. Dec.* 341.

The fact that the guaranty in this case is a continuing one was, doubtless, considered by this court in deciding whether it was absolute or conditional, but that question having already been passed on, we are bound by it even though we might have otherwise construed it and the contract having been construed the usual rules as to demand and notice applicable to absolute and unconditional guaranties must be applied.

The conclusion that notice was not necessary when a continuing guaranty was held to be absolute and unconditional was reached in *Lowe & Co. v. Beckwith,* 14 *B. Mon. (Ky.)* 184, 58 *Am. Dec.* 659, though the responsibility of the guarantor was not even limited to a maximum amount.

None of the cases cited by the defendant are inconsistent with this conclusion, as none of them were clearly held to be absolute guaranties.

In fact the court in *Douglass v. Reynolds,* 7 *Pet.* 126, 8 *L. Ed.* 626, while holding that notice of default of the principal debtor was necessary in a continuing guaranty, expressly distinguished *Allen v. Rightmere,* 20 *Johns. (N. Y.)* 365, 11 *Am. Dec.* 288, from the case before it because the court in that case had held that the contract was absolute.

While the cases reported in the early Harrington Reports in this state were not cited by the defendant, it would seem that they should be considered by us.

Both *Brooks v. Morgan,* 1 *Harr.* 123, and *Erwin v. Lamborn,* 1 *Harr.* 125, were guaranties of payment written on notes before their maturity, and, therefore, involved agreements with respect to the payment of definite sums at definite times. The argument was made in both cases that the contract was absolute and that notice to the guarantor was, therefore, unnecessary.

The court, however, held that generally speaking a guarantor was entitled to notice of the maker's default in payment unless such maker was insolvent at the maturity of the notes.

While the reasons for the court's conclusions are not specifically stated the necessary inference from the argument of counsel is that

the particular guaranties sued on were held to be conditional and not absolute.

In *Mayberry, et al., v. Bainton,* 2 *Harr.* 24, the suit was on a letter of guaranty addressed to the plaintiffs, stating among other things,

"We hereby engage to see you paid in due course, for the bill of goods bought by R———— from you on the 27th instant, for the sum of about $624.00."

A note for the purchase price of the goods in question was given by the principal debtor to the plaintiff, which note was not paid at its maturity.

The court, with respect to the above guaranty, said:

"It was not an original undertaking to pay the debt of R————, but only to see that R———— paid. In an undertaking of this character, the guarantor is entitled to prompt information of the default of his principal, in order that he may secure himself by withholding funds or otherwise providing against loss."

It is perfectly clear from this case that the court fully appreciated the distinction between absolute and conditional guaranties and the conclusion that the contracts in *Brooks v. Morgan* and *Erwin v. Lamborn, supra,* were construed as conditional contracts, therefore, seems unanswerable.

As further sustaining this conclusion, *Erwin v. Lamborn* is quoted as involving a conditional contract in *Pingrey on Guaranty and Suretyship,* § 349.

In view, however, of the construction already placed on the particular guaranty before us, whether the court's conclusions in these cases were based on the general conditional character of all guaranties, on the language used in the particular contract, or otherwise, need not be considered by us; but the fact that notice to the guarantor was held necessary is explained by the fact that they were held to be conditional contracts.

The conclusion that the guarantor is not entitled to notice of the default of the principal debtor in absolute guaranties is perfectly consistent with the common-law rule as to alleging and proving notice to the defendant in other cases.

■ It is unnecessary to allege and prove notice to the defendant of matters equally within the knowledge of both plaintiff and defendant. *Lent v. Padelford,* 10 *Mass.* 230, 6 *Am. Dec.* 119. See, also, 1 *Chitty on Pleading,* 328.

In *Vyse v. Wakefield,* 6 *M. & W.* 452, the law as to notice is summed up by the court in the following language:

> "The rule to be collected from the cases seems to be this, that where a party stipulated to do a certain thing in a certain specific event, which may become known to him, or with which he may make himself acquainted, he is not entitled to any notice, unless he stipulates for it; but when it is to do a thing, which lies within the peculiar knowledge of the opposite party, then notice ought to be given," and Park B. added that "when a specific act is to be done by a third party named no notice is necessary."

In *Heyman v. Dooley, et al.,* 77 *Md.* 162, 166, 26 *A.* 117, 118, 20 *L. R. A.* 257, the court said:

> "The guarantee must know, it is true, of the default of the principal, and this default may be unknown to the guarantor; but it is not a fact which lies within the exclusive or peculiar knowledge of the guarantor. On the contrary, it is a fact in regard to which the guarantor had the easy and accessible means of information, either by inquiry of the guarantee, or of the principal himself."

On page 167 of 77 *Md.,* 26 *A.* 117, 118, the same court said:

> "In all the standard authorities, the rule is stated that if an act is to be done by a third person, who is known, notice of his default is unnecessary."

See, also, *Hammond v. Gilmore's Adm'r,* 14 Conn. 479.

Neither *Ajax Rubber Co. v. Gam,* 7 *Boyce* 479, 108 *A.* 276 nor *Ajax Rubber Co. v. Gam,* 1 *W. W. Harr.* (31 *Del.*) 376, 114 *A* 610, control this case. While both involved the same guaranty sued on here they were decided before any question as to the absolute and unconditional character of this guaranty had ever been raised or considered. Whatever may have been done by the court in those cases was, therefore, with the ordinary continuing conditional guaranty in mind.

For the reasons above given, the demurrer to the defendant's eighth plea is sustained.