SMITH *v.* NATIONAL LIFE & ACCIDENT COMPANY.

Opinion delivered June 1, 1931.

*Smith & Fitzsimmons,* for appellant.

*Roy Penix,* for appellee.

HART, C. J. Two separate actions were brought to recover upon policies of life insurance issued by the National Life & Accident Insurance Company upon the life of Helen Draper Green. The first suit was for $154, and the second was for $90. The defense was that the amount of the recovery should be reduced on account of an erroneous statement of the age of the insured, and the amount due under the true age of the insured was deposited in court to be tendered to the beneficiary.

By agreement of the parties, the two cases were consolidated, and the jury found, under instructions to which there were no objections, that Helen Draper Green gave her correct age of thirty-five years to the agent of the defendant company at the time of her application for insurance, instead of twenty-five years as stated in the application. The court rendered judgment against the defendant in favor of the plaintiff for the sum of $180, which was the amount that the premiums paid by the insured, Helen Draper Green, would have purchased for a person of the age of thirty-five years at the time of the application, and it was agreed between the parties that the insured, Helen Draper Green, was thirty-five years of age at the time of the application for insurance; and upon this appeal it is agreed that the only issue raised is as to the correctness of the ruling of the court in construing the clauses of the policies of life insurance in rendering the judgment above referred to.

The first policy contained a clause which reads as follows:

"If the age of the insured has been misstated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age."

The second one contains a similar clause which reads as follows:

"In case of mistake or misstatement in the age the company will only be liable for the amount of benefits payable according to its table at the proper age."

Counsel for appellant rely upon the case of *Walker* v. *Illinois Bankers' Life Association*, 140 Ark. 192, 215 S. W. 598. In that case the policy contained a stipulation that, in the event of misstatement of age, the amount payable on the policy shall be such as the premium would have purchased at the correct age except where the true age was beyond the age limit at which insurance would have been granted by the association. In the latter case, the liability of the company was not to exceed the premium paid with four per cent interest. The age of fifty-

five years was fixed as the limit upon which policies would be issued by the company. In the application the agent stated Barger's age to be fifty-four years when in fact Barger was sixty-four years old. Barger did not read the policy and supposed that the agent had the right to issue it in accordance with the application which was written by the agent upon Barger correctly stating his age to him. There the court properly held that the insurance company was responsible for the conduct of its own agent, and that that part of the policy concerning the misstatement of age and providing that the amount to be recovered should be based upon the amount the premiums paid would have purchased at the correct age, has no application because the company had no authority to issue a policy upon the life of Barger at his correct age, because it was not authorized under its constitution and by-laws to issue policies upon the life of persons of that age. Consequently, the court held that the clause with regard to a misstatement of age had no application where the insured was over age and the policy had been procured by an agent of the company, who, by his own misstatement, had imposed on Barger and led him to believe that he had a valid policy.

In the very nature of things, it is manifest that clauses of the kind under consideration can only be applicable and enforceable when there is a valid and binding contract of insurance between the parties which has not been procured by fraud, and where there is only an innocent misstatement of age. This is made clear by the reasoning in the case of *Lincoln Reserve Life Insurance Co.* v. *Smith*, 134 Ark. 245, 203 S. W. 698. In that case, the clause in the policy provided that, if the age of the insured had been misstated, the amount payable thereunder should be such as the premiums paid would have purchased at the correct age, provided that age, at the time of the insurance, was not over sixty. There a full recovery of the amount of the policy was allowed, notwithstanding an innocent misrepresentation by the in-

sured that he was fifty-three instead of fifty-nine. The reason was that, in order to obtain the benefit of the provision in the clause, the insurer must show that there was a purchasable policy according to the plan adopted at the true age of the insured. The court said that, according to the terms of the policy, there was liability for the amount named in the policy unless it could be lessened so as to be reduced to such an amount of insurance as the premium paid would have purchased at the correct age; and, unless that premium would have purchased a policy for a less sum, the liability for the full amount continued. It was further said that it devolved upon the company, in order to obtain any advantage under this clause, to show that there was a purchasable policy at the true age of the insured, which the company failed to do. As stated by the court in that case, any other construction would nullify a provision concerning innocent misstatements of age where the true age of the insured exceeded the limit beyond which the company declined to write policies, and instead of giving the insured a policy for such a sum as the premium would have purchased at the correct age, it would result in giving him nothing at all.

Here the facts are essentially different. The age of the insured is stated in the application as twenty-five years, and the correct age of the insured at the time the application for insurance was made was thirty-five years of age. The parties agreed that that was the correct age of the insured at the time of the application for insurance, and the amount of insurance for which judgment was rendered according to the premiums paid was for a person thirty-five years of age. In other words, the recovery allowed by the court was based on the amount the premiums paid would have purchased at the correct age of the insured, which was thirty-five years.

The provision under consideration in each policy is substantially the same and provides that, if the age of the insured has been misstated, the amount payable under the policy shall be such as the premiums paid would have

purchased at the correct age. It is evident from the language used that the policy referred to a mistake of fact, or innocent misrepresentation of the age of the insured, and means that, in cases where the age of the insured shall have been understated by mistake, the amount of insurance will be reduced to the amount the premium would pay at the true age. This was precisely what was done in the present case. Therefore the judgment must be affirmed.