# Brown v. The State.

### *Indictment for Arson.*

|  |  |
|---|---|
| 79 | 61 |
| 113 | 623 |
| 79 | 61 |
| 120 | 321 |

1. *Impeaching witness by proof as to former statements.*—When a wit-
ness testifies, on the trial, to material facts which he did not state when
examined as a witness on the preliminary examination of the defend-
ant, he may be impeached, a proper predicate being laid, by proof of
such omission; and the principle is the same, when he neither denies
nor admits the omission, simply saying that he does not recollect.

From the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

The indictment in this case charged that the defendant did
willfully set fire to or burn a house or building, the property of
Fred Sloss, Macklin Sloss and A. W. Smith, "which was at the
time used for storing tools, oils and mining implements, and shel-

tering the scales for weighing coal;" or, as described in the second count, " which was constructed and used as a coal-chute." On the trial, as the bill of exceptions shows, the State having proved the burning of the coal-chute on a night in the month of August, 1885, and the ownership of the property as alleged in the indictment, introduced one Reuben Davis as a witness, who was a negro, and " who testified, among other things, that the defendant was out at the chute while it was burning, and that he (witness), seeing a car in danger of being burned, asked defendant to help him roll it out of the way ; to which defendant replied, that he did not care if all the property of the d—d white men did burn up. Said witness testified, also, that defendant told him, during the week next after the burning, that he did not intend to tell who burned the said chute. Said witness testified, also, on cross-examination, that he had been examined as a witness on the preliminary examination of the defendant in this case, and had then told all he knew about the case, and all he had heard the defendant say about it ; that he could not say positively whether he then testified to said remark made to him by defendant the week after the burning, but his best recollection was that he had so testified." The defendant then introduced one W. A. Brown as a witness, who was a deputy-sheriff, and who had heard the testimony of said Reuben Davis on said preliminary examination ; and proposed to prove by him that said Davis did not then testify that defendant had made any such remark to him. On objection by the State to this testimony, when offered in several different forms, the court excluded it ; and the defendant excepted. This is the only ruling to which an exception was reserved.

No counsel appeared for the defendant in this court, so far as the record and the dockets show.

Thos. N. McClellan, Atrorney-General, for the State.

CLOPTON, J.—A witness may be impeached, not only by proving that, at other times, he has made statements contradictory of, or inconsistent with those he makes on the trial, but also by proving that, on a former occasion, and under circumstances when it was his duty to state the whole truth, he omitted in his statement facts to which he testifies on the trial. The admissibility of the impeaching evidence depends on the question, whether the former statement was made under such circumstances that the duty to tell the whole truth arose. An omission, when such duty arises, may originate a presumption that the omitted facts did not transpire, and may tend to contradict the testimony of the witness. Whether such

[Bolman v. Lohman.]

omission discredits the witness, and to what extent, depends upon the attendant circumstances, and such explanation as the witness may be able to give.—1 Whar. on Ev. § 554; *Briggs v. Taylor*, 35 Vt. 57; *Perry v. Breed*, 117 Mass. 155.

Neither is it necessary for the witness to positively deny the omission. If he says he does not recollect, it is competent to prove his failure to state, on the former occasion, the facts to which he testifies on the trial. When the witness neither admits nor denies the omission, it is competent for the opposing party to prove the affirmative. He will not be permitted, under the pretense of not remembering, to escape contradiction and impeachment.—*Payne v. State*, 60 Ala. 80; *Ray v. Bell*, 24 Ill. 444; *Gregg Town. v. Jamison*, 55 Penn. St. 464. The fact omitted must be material, and relevant to the matter in issue.

It was the duty of the witness Reuben Davis, who was a witness on the preliminary trial, to have then stated the whole truth; and it was permissible for the defendant to prove, by a witness who was present, that he omitted to state on the preliminary examination the declaration of the defendant, to which he testified on the trial, as having been made during the week next succeeding the burning. The time, place and person were sufficiently called to the attention of the witness to prevent surprise, and to afford an opportunity of explanation, if from forgetfulness, or because his attention was not directed to it, or from ignorance of its materiality, or other excusable cause, he omitted to state the declaration on the preliminary trial.

Reversed and remanded.