(87 South. 577)

## AMERICAN NAT. INS. CO. v. WRIGHT.
### (7 Div. 101.)

(Supreme Court of Alabama. Oct. 28, 1920. Rehearing Denied Jan. 13, 1921.)

1. Insurance ⊜══640(2)—Pleas of false representations without averment of reliance thereon insufficient.

In an action on a life policy, pleas setting up that the insured made false representations as to her state of health are defective, where not averring reliance by the insurer thereon.

2. Insurance ⊜══640(2)—Plea that insured was not of sound health held defective.

A plea setting up a condition in a policy that it should be ineffective, unless the insured was in sound health at the date of delivery, is defective, where it concluded with a mere general averment that on the date of delivery insured was not in sound health.

3. Insurance ⊜══641(1)—Replication alleging fraud in procurement of release of policy held not demurrable.

Where the insurer, as a defense to an action on a life policy, set up a release, or accord and satisfaction, a replication setting up that insurer's agent, who procured the release, etc., stated that the name of the insured was not on the insurer's record, and that it was unlawful for him to accept the premium, and that by means of such fraud the release was obtained, is not subject to demurrer, on the theory that the replication merely set up matters of opinion or statements of law; the agent's statement that the name of the insured did not appear on the insurer's record being one of fact, and the other statements based thereon.

4. Appeal and error ⊜══1040(7)—Sustaining demurrer to plea harmless, where matters available under general issue.

Where the complaint in an action on a life policy alleged waiver of proof of death on blanks to be furnished by the company, the defense that no such proof was furnished as required is available under the general issue, and hence the sustaining of a demurrer to a plea setting up failure to file such proofs was harmless.

⊜══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

5. **Insurance** ☞555—Requirement that proofs be made on blanks furnished by insurer may be waived.

The requirement that proofs of death be made on blanks furnished by insurer may be waived.

### On Application for Rehearing.

6. **Insurance** ☞665(1)—Evidence held to warrant finding that statement by insurer's agent was false.

In action on life policy, where the insurer relied on a release, etc., signed by the beneficiary, and the beneficiary asserted it was procured through fraudulent statements by an agent that insured's name did not appear on the record of the insurer, evidence *held* to warrant a finding that such statement by the agent was false.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Action by Mrs. J. A. Wright against the American National Insurance Company on a life insurance certificate issued to Mollie Belle Glaze, in which plaintiff is named as beneficiary. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 499, § 6. Affirmed.

The following are the pleas referred to in the opinion:

(2) For further answer to the complaint the defendant says that the insured made a written application to it for the issuance of said policy, and in said application she stated that her present condition of health was good, and defendant avers that at that time the insured was not in good health, in this: That she was then suffering from and afflicted with tuberculosis, and that she knew that she was suffering from said disease, and was not in good health and safely insurable, and that said answer was false, and said insured knew it was false, and it was made by her with the intent to deceive, and did deceive the defendant.

(4) For further answer to the complaint defendant avers that there is contained in the policy sued on a condition as follows: "Provided, however, that no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health." And defendant avers that at the time said policy was delivered the insured was not in sound health.

(5) For further answer to complaint the defendant says: That after the issuance of said policy this defendant learned that the insured was not in good health at the time said policy was delivered, and agreed with the beneficiary thereunder, the plaintiff in this cause, for a valuable consideration, that said policy should be canceled, and the plaintiff, who was then and there in possession of the policy, in consideration thereof, delivered said policy to defendant.

(6) Now comes the defendant and for further answer to plaintiff's complaint says: That there was contained in the policy of insurance sued on the following stipulation:

"(3) Proof of death under this policy shall be made upon blanks to be furnished by the company, and shall contain answers to every question propounded to claimant, physicians, and other persons, and shall contain a record, evidence, and coroner's inquest, if any be held."

(7) That after the issuance of this policy defendant was informed that the insured was suffering from tuberculosis, and that said insured was suffering from said disease at the time the policy was delivered, and that this defendant agreed with the beneficiary, the plaintiff in this cause, that for a valuable consideration, to wit, two and $31/100$ dollars ($2.31), the amount of the premiums which had been paid to this defendant by reason of said policy, that said policy should be canceled, and defendant relieved from liability on part of beneficiary, and that the plaintiff, who was then in possession of the policy, in consideration of the sum of money paid to her, did then and there deliver policy to this defendant.

(8) For further answer to complaint defendant says: That after the issuance of the policy, and before the death of said insured, the plaintiff and this defendant entered into the following written agreement, to wit: "Received of the American National Insurance Company of Galveston, Texas, two and $31/100$ dollars, being the full amount of the premiums paid to the company on, and in full settlement, satisfaction, and discharge of all my rights, title, and interest under policy No. 2072324, issued by the American National Insurance Company of Galveston, Texas, on April 7, 1919, to Mollie Belle Glaze. Now, therefore, in consideration of the said sum of $2.31 this day paid to me by the said American National Insurance Company of Galveston, Texas, the receipt whereof is acknowledged, I this day acknowledge the sum as full settlement, satisfaction, and discharge by the said insurance company of all its liabilities of whatsoever kind under said policy and my rights thereunder, and do hereby in all things release and discharge said insurance company from all further liability under said policy and declare the same fully extinguished. Witness my hand at Gadsden, Ala., this 2d day of Sept., A. D. 1919. Julia Wright, Grandmother and Beneficiary. Signed in the presence of Geo. A. Fink." The defendant avers that it has paid to said plaintiff the amount as shown by said instrument and has received from said plaintiff the said policy.

The following are the replications referred to in the opinion:

(4) Plaintiff avers that on to wit, September 8, 1919, that the insured, who is the granddaughter of the beneficiary herein, was on her deathbed at home of the plaintiff, and that defendant's agent called at home of plaintiff and asked to see the policy herein mentioned; that after securing possession of same he represented and claimed that (1) the name of the insured was not in the company's records, and (2) that it was unlawful for him to receive or keep payments on said policy, and (3) that it was unlawful for the plaintiff to keep said policy, and (4) that the whole thing

was a mistake, and that she must sign the paper referred to in order to settle the matter. Plaintiff avers that on account of old age, of constant worry incident to day and night nursing of the insured, and with no one to advise her, that she was dazed, and at the insistence of the defendant's agent she signed on the dotted line indicated by him, and that he then placed the two and $^{81}/_{100}$ dollars in her lap and left with the policy and receipt book. Plaintiff avers that the representations made by the defendant to obtain possession of the policy and her signature to the release were false, and were made with intent to deceive and did deceive the plaintiff.

(5) Plaintiff avers that the defendant's agent, Geo. A. Fink, obtained her signature to the said "agreement" by representing that the name of Mollie Belle Glaze was not on the company's records; that it was unlawful for him to receive or retain the premium paid, and it was unlawful for plaintiff to retain the policy and other papers connected with same; that said representations were false, and made with intent to deceive plaintiff, and did deceive plaintiff, so that she signed said agreement.

Inzer, Inzer & Lusk, of Gadsden, for appellant.

Court erred in sustaining demurrers to plea 2. 186 Ala. 460, 65 South. 65; 174 Ala. 511, 56 South. 568; also in sustaining demurrer to plea 4. 10 Ala. App. 15, 64 South. 513; 186 Ala. 484, 65 South. 68. Court also erred in sustaining demurrers to plea 5. 192 Ala. 91; 192 Ala. 380, 68 South. 271. Court erred in sustaining demurrers to plea 6. 77 Ala. 194, 54 Am. Rep. 58; 86 Ala. 558, 6 South. 83, 11 Am. St. Rep. 67. Court erred in overruling demurrers to plaintiff's replications to defendant's pleas 7 and 8. 113 Ala. 479, 22 South. 288, 59 Am. St. Rep. 129; 138 Ala. 202, 35 South. 33; 178 U. S. 327, 20 Sup. Ct. 906, 44 L. Ed. 1088; 150 U. S. 313, 14 Sup. Ct. 99, 37 L. Ed. 1093. Court erred in rendering judgment on the facts. 162 Ala. 570, 50 South. 293; 11 Ala. App. 670, 66 South. 954; 1 Ala. App. 583, 55 South. 951.

Victor Vance, of Gadsden, for appellee.

There was no error as to plea 2. 196 Ala. 304, 71 South. 409; 171 Ala. 435, 55 South. 166; 25 Cyc. 921; 186 Ala. 460, 65 South. 65. The court properly sustained demurrers to plea 4. 76 Fla. 592, 80 South. 516, 2 A. L. R. 1505; 186 Ala. 460, 65 South. 65. On these authorities court acted properly as to plea 6. The replications were good. 25 Cyc. 787, 795; 14 R. C. L. 1548; 25 Cyc. 885; 80 Ala. 467, 2 South. 125, 59 Am. St. Rep. 816, and authorities supra.

GARDNER, J. [1] Action upon a life insurance policy. The cause was tried before the court without a jury, and judgment rendered for plaintiff. Among other defenses the defendant interposed plea 2, setting up fraudulent representation on the part of the insured, as set forth in the application for insurance, concerning the condition of her health. This plea did not aver that the defendant acted or relied upon such representations in the issuance of the policy, nor did the plea contain an equivalent of such averment—this being left wholly to inference. Demurrer to this plea was sustained.

That it must appear the party alleged to have been defrauded relied upon the false statements and acted to his prejudice is well recognized by all the authorities. 20 Cyc. 39; 12 R. C. L. 422; Wall v. Graham, 192 Ala. 396, 68 South. 298; Hooper v. Whitaker, 130 Ala. 324, 30 South. 355; Bish v. Van Cannon, 94 Ind. 263. The fifth assignment of demurrer specifically pointed out this defect in the plea, and justifies the ruling of the court thereon, and renders unnecessary consideration of any other criticism of counsel in regard thereto.

[2] Plea 4 sought to interpose as a defense the breach of a condition contained in the policy, to the effect that no obligation was assumed by the company, unless upon the date of the delivery thereof the insured was in sound health, and concluded by averring that at the time the policy was delivered the insured was "not in sound health." There were demurrers to this plea—among them, that it does not appear wherein the health of the insured was not good. This question was treated by the Supreme Court of Florida in Knights and Ladies of Security v. Glenn, 76 Fla. 592, 80 South. 516, 2 A. L. R. 1503, wherein it was held that so a general concluding averment was too vague and indefinite, and that such a plea was subject to demurrer. This holding meets our approval, and the demurrer was properly sustained.

[3] Pleas 7 and 8 contain in substance the same defense sought to be presented in plea 5, and the ruling of the court as to this latter plea needs no consideration. In pleas 7 and 8 the defense relied upon was a release, or accord and satisfaction, to which the plaintiff filed replications setting up fraud in the procurement of the release. Demurrers to these replications were overruled, and we think properly so.

The argument is advanced that these replications set up statements on the part of the agent, which were mere matters of opinion or statements of law, and reliance is had upon Georgia Home Ins. Co. v. Warten, 113 Ala. 479, 22 South. 288, 59 Am. St. Rep. 129, and Rutter v. Hanover Fire Ins. Co., 138 Ala. 202, 35 South. 33. Whatever may be said as to other representations set up in these replications, the statement attributed to the agent that the name of the insured was not on the company's record was a statement of fact, upon which the other statements were clearly based, and it was averred that the representations, as made, were false, made with the intent to deceive, and did deceive the plaintiff, and she was induced thereby

to execute the release. Moses v. Katxenberger, 84 Ala. 95, 4 South. 237; 3 Mayf. Dig. 817 et seq.; 20 Cyc. 20, 62; Tillis v. Smith Lumber Co., 188 Ala. 122, 65 South. 1015; Heinlein v. Imperial Ins. Co., 101 Mich. 250, 59 N. W. 615, 25 L. R. A. 627, 45 Am. St. Rep. 409.

[4, 5] The sixth plea alleges a failure on the part of the plaintiff to furnish a proof of death as required by the policy. No injury could have resulted from the action of the court in sustaining the demurrer to this plea, for the reason that the complaint alleges a waiver of this required proof, and therefore this defense was available under the plea of general issue. We are of the opinion the evidence shows action on the part of the defendant inconsistent with such requirement, and it does not appear, therefore, that the failure of such proof of death would be fatal to recovery. 25 Cyc. 885.

We are also of the opinion there was evidence tending to establish the averments of these replications. Upon careful examination of the record we conclude there was evidence sufficient to justify the judgment rendered, and it will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

Response to Application for Rehearing.

GARDNER, J. [6] Upon this application counsel for appellant insist we are in error in the statement of the conclusion that there was evidence tending to establish the replications, and the argument is made that there is no proof whatever of the falsity of the averment that the name of the insured was not in fact upon the company's records. We did not deem it necessary to enter into a discussion of the facts (and such has not been our custom since the passage of Acts 1915, p. 594—Pilcher v. Surles, 202 Ala. 643, 81 South. 585), although the record was given careful consideration upon this point; but in deference to the most earnest insistence on the part of counsel for appellant we make this brief response.

True, there was no direct proof that the statement that the name of the insured was not on the company's records was false, but this court was clearly convinced that the evidence was sufficient from which the falsity of this statement could be reasonably inferred. The policy was delivered in April, 1919, and the death of insured occurred the following September. The premiums appear to have been payable weekly, and were collected by the agents in person when they became due. The insured was plaintiff's granddaughter, and on Monday afternoon before her death on Saturday one of defendant's agents came to plaintiff's home, where

the insured was then confined to her bed, and asked to see the policy, stating that the insured's name was not on the records of the company, and that it was against the law for him to accept the money, and that he could not keep the money that had been paid on the policy. Plaintiff signed the receipt and also delivered the policy to the agent. It appears, also, that the receipt book, showing the payment of the premiums, had been delivered to the defendant's agent prior to the bringing of this suit. We also gather from the record that at the time suit was brought plaintiff made demand upon the defendant company to produce the policy and receipt book, which was done and offered in evidence by the plaintiff. The policy bears the same serial number which is found in the receipt book—the latter showing the dates of payments, as well as the name or initial of the agent making the collection. The receipt signed by the plaintiff was a release to defendant company, giving the same serial number as the policy, which receipt was pleaded, as previously stated, in full satisfaction of this suit. None of the agents of the defendant company testified.

Under these circumstances we think it clearly not incumbent upon the plaintiff to offer direct proof as to the falsity of this statement, but that the court was justified from the evidence before him to reasonably infer that the statements made, including the one referred to, constituted a part of the scheme on the part of the defendant's agents to procure from plaintiff all evidences of liability growing out of the insurance on the life of her grandchild, whom they most probably knew was then lying at death's door. The court could therefore very properly infer that the name of the insured was upon the records of the company, and that the statement to the contrary was but a mere blind, and conceived merely for the purposes just mentioned.

This is the only point stressed upon rehearing, and the application will be denied.

Application for rehearing denied.