(92 South. 440)

**MUTUAL LIFE INS. CO. OF NEW YORK v. MANDELBAUM.   (6 Div. 584.)**

(Supreme Court of Alabama.   Feb. 11, 1922.)

**1. Insurance ⬅136(4), 640(2)—Statement as to health of applicant for policy held a "warranty," and not a condition precedent; plea not alleging that breach of warranty increased risk held bad.**

Under Code 1907, § 4572, providing that no misrepresentation or warranty in negotiation of a contract or a policy of life insurance or in the application therefor or proof of loss thereunder shall defeat the policy unless the misrepresentation is made with intent to deceive, or unless the matter misrepresented increases risk of loss, a clause in a life insurance policy that it should not take effect until the first premium had been paid during the continuance in good health of the applicant, and unless the policy should be delivered to and received by the applicant during continuance in good health, was a warranty within the terms of the statute, and a demurrer to a plea which treated the clause as a condition precedent whose breach avoided the policy, and which did not state that the matter misrepresented increased the risk of loss, was properly sustained.

**2. Words and phrases—"Warranty" and "conditions" defined.**

In insurance law the terms "warranty" and "conditions" are often used interchangeably (citing Words and Phrases, Warranty).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Condition.]

**3. Trial ⬅143—Where issue raised by even slight evidence, refusal of affirmative charge held proper.**

The scintilla rule of evidence prevails in Alabama, and refusal of an affirmative charge

is proper where plaintiff's evidence, however slightly it may be considered as presenting any conflict with that of defendant, yet is sufficient to present an issue of fact upon issues raised by the pleadings.

**4. Insurance** ⬡⇒**665(1)—Evidence held not sufficient to support verdict in favor of beneficiary.**

In an action by a beneficiary against an insurance company on a life insurance policy, evidence *held* not sufficient to support a verdict in favor of the beneficiary.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action by Temmie Mandelbaum against the Mutual Life Insurance Company of New York, upon a policy issued on the life of Solly Mandelbaum, in which she was named as beneficiary. Judgment for the plaintiff, and the defendant appealed. Reversed and remanded.

Tillman, Bradley & Baldwin and W. M. Rogers, all of Birmingham, for appellant.

The application was attached to the policy, as required by section 4529 of the Code of 1907, and was therefore a part of the same. 203 Ala. 145, 82 South. 175; 202 Ala. 259, 80 South. 97; 201 Ala. 337, 78 South. 299, L. R. A. 1918D, 860; 198 Ala. 41, 73 South. 377. The stipulations set up in pleas 2 and 25 as being contained in the application for the policy were neither a warranty nor a representation, but a condition precedent, and not within the provisions of section 4572 of the Code of 1907. Cooley on Insurance, 451–469; 61 Ala. 163; 10 Ala. App. 446, 65 South. 449; 153 Ala. 611, 45 South. 208; 171 Ala. 429, 55 South. 200; 188 Mass. 542, 74 N. E. 945; 62 Ohio St. 204, 56 N. E. 908; 203 Ala. 145, 82 South. 175; 97 Va. 134, 33 S. E. 536; (Mo. App.) 179 S. W. 749; 148 Mo. 583, 50 S. W. 519, 53 L. R. A. 305, 71 Am. St. Rep. 628; 21 Tex. Civ. App. 689, 53 S. W. 356; 111 Ark. 324, 163 S. W. 799, Ann. Cas. 1916B, 674; 178 Mich. 63, 144 N. W. 543, 51 L. R. A. (N. S.) 587; 106 Minn. 112, 118 N. W. 355; 86 N. E. 503; 160 Ky. 119, 169 S. W. 570; 51 Fed. 689, 2 C. C. A. 459; (C. C.) 132 Fed. 555. The terms "material to the risk" and "increase of risk of loss" are identical, as applied to a misrepresentation in an application for a policy. 80 Ala. 467, 2 South. 125, 59 Am. Rep. 816. Whether or not a misrepresentation increases the risk of loss is a conclusion of law. 174 Ala. 511, 56 South. 568; 137 Tenn. 528, 194 S. W. 581, L. R. A. 1917E, 554; 137 Tenn. 528, 194 S. W. 581, L. R. A. 1917E, 555; 23 Ga. App. 232, 97 S. E. 874; 153 Mass. 176, 26 N. E. 230, 10 L. R. A. 666, 25 Am. St. Rep. 619; 78 Kan. 146, 96 Pac. 62, 18 L. R. A. (N. S.) 362, 130 Am. St. Rep. 356, 16 Ann. Cas. 267; 163 N. C. 390, 79 S. E. 805; 72

Fed. 413, 19 C. C. A. 286, 38 L. R. A. 33, 70; 165 Fed. 595, 91 C. C. A. 433; Cooley on Insurance, 1952. The verdict should have been set aside under the evidence as to the condition of the insured. 79 N. H. 380, 109 Atl. 92, 8 A. L. R. 1426; 111 Wash. 49, 189 Pac. 95; 30 South. 69; 10 Ala. App. 446, 65 South. 449.

Brown & Ward, of Tuscaloosa, for appellee.

Representations or warranties contained in the application or policy will not defeat the policy, unless made with actual intent to deceive, or they do deceive, or increase the risk of loss. Section 4572, Code 1907; 174 Ala. 511, 56 South. 568; 138 La. 134, 70 South. 65; 196 Ala. 304, 71 South. 409; 171 Ala. 435, 55 South. 166. Fraud is never presumed, and the burden is on the defendant to show increase of risk, intent to deceive, etc. 186 Ala. 460, 65 South. 65; 171 Ala. 435, 55 South. 166; 10 Ala. App. 446, 65 South. 449. No legal fraud is shown. 25 Cyc. 817; 195 Ala. 22, 70 South. 168.

GARDNER, J. Appellee sued appellant upon an insurance policy, insuring the life the one Solly Mandelbaum, her husband, in which she was named as beneficiary. From a judgment for the plaintiff the defendant prosecutes this appeal.

Numerous pleas were interposed and sustained by the rulings of the court below, setting up fraudulent representations with intent to deceive on the part of the insured at the time of his application for a policy; and also certain representations contained in the policy as to his physical condition, which were alleged to have been untrue, and concluding with the averment that "the risk of loss was thereby increased." The defendant also interposed pleas 2 and 25, demurrers to which were sustained, and this ruling of the court constitutes the first assignment of error argued in brief.

[1] Plea 2 presents the question in a very clear manner, and a consideration of that plea will suffice. This plea sets up in substance (omitting that part not considered as essential), that on February 7, 1919, said Solly Mandelbaum made application to the defendant for said policy of insurance sued on, which application is made a part of the contract of insurance; then follows quotation from the language in the application, the portion here pertinent being:

"The proposed policy shall not take effect unless and until the first premium shall have been paid during my continuance in good health, and unless also the policy shall have been delivered to and received by me during my continuance in good health."

The plea then concludes as follows:

"And the defendant avers that said policy of insurance was delivered to and received by

the said Solly Mandelbaum, on, to wit, February 19, 1919, and that between the date of said application for insurance and the delivery of said policy the said Solly Mandelbaum did not continue in good health, for that, between said dates the deceased became and was ill, being affected with attacks of acute abdominal pains, during which time he was attended by a physician, or physicians.

"And the defendant hereby tenders the plaintiff and pays into court the sum of $42.32, which said sum is the amount of the premiums paid by the said insured, together with interest thereon."

This plea was drawn upon the theory that it shows neither a warranty nor a misrepresentation, but a condition precedent, and therefore was not subject to the provisions of section 4572 of the Code of 1907, which reads as follows:

"No written or oral misrepresentation, or warranty therein made, in the negotiation of a contract or policy of life insurance, or in the application therefor or proof of loss thereunder, shall defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss."

The ruling of the court below was to the effect that the plea came within the provisions of the foregoing section, and held it subject to the demurrer, evidently upon the ground that it failed to allege, in the language of the foregoing statute, that said condition "increased the risk of loss." The application for the policy of insurance was attached to and made a part thereof, as required by section 4579 of the Code of 1907, as shown by the averments of this plea. Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 South. 175.

That the language in the application above quoted is not a representation is quite clear. The question to be determined therefore is whether or not it could be said to constitute a warranty within the meaning of the statute above set out, or must it be held as a condition precedent and not within the influence of that statute.

[2] In Metropolitan Life Ins. Co. v. Goodman, 10 Ala. App. 446, 65 South. 449 (see, also, Metropolitan Life Ins. Co. v. Goodman, 196 Ala. 304, 71 South. 409, on second appeal), the Court of Appeals discussed at some length the different character of warranties and also conditions precedent, and the opinion contains many citations with quotations of authority. The opinion in that case also pointed out the fact that in insurance law the terms "warranty" and "condition" are often used interchangeably. This statement is sustained by reference to the authorities, and cited among them are 2 Words & Phrases, p. 1399; 16 Am. & Eng. Ency. of Law (2d Ed.) 919. The authorities cited in Words and Phrases, supra, disclose that there is

much conflict among them as to the distinction between warranties and conditions, and that the word "warranty" has been used in a great variety of senses. They are of two kinds, affirmative and promissory. The latter class of warranties usually have regard to the happening of some future event, or the performance of some act in the future. The words "warranty" and "conditions precedent" are used interchangeably in the text to 25 Cyc. 798, also 801. So, also, in 3 Cooley's Briefs on the Law of Insurance is found quoted with approval the following:

"Promissory warranties may also be express or implied, and they have respect to the happening of some future event, or the performance of some future act, and that may be conditions precedent or conditions subsequent."

In Johnson v. Ala. Gold Life Ins. Co., 80 Ala. 467, 2 South. 125, 59 Am. Rep. 816, it was said that a warranty in an insurance policy was "in the nature of a condition precedent."

While strictly and technically speaking there exists a distinction between a warranty and a condition precedent, yet the foregoing authorities are cited to the effect that these terms are nevertheless used in insurance law interchangeably and as synonymous. We are not here so much concerned with this technical distinction, but more with the fact that these terms were so commonly used interchangeably, as indicating the legislative intent in the enactment of section 4572 of the Code. The question is a new one in this state, and has been very forcibly presented by counsel for appellant in an interesting brief.

This precise question was presented, however, in the comparatively recent case of Salts v. Prudential Life Ins. Co., 140 Mo. App. 142, 120 S. W. 714, where a statute somewhat similar to our own was construed. The case is directly in point, well reasoned, and in our opinion a sufficient answer to the insistence made by counsel for appellant. We therefore take therefrom the following quotation:

"This is the technical definition, but in truth the terms 'warranty' and 'condition precedent' are used interchangeably in insurance law, and in many instances an insurance warranty is nothing more or less than a condition precedent to the taking effect of the contract, as when the insured warrants the premium will be paid by the date of the policy. The frequent identity of the two terms for all purposes of determining liability on a policy in a given case is assumed in numerous treatises and decisions; the assumption sometimes being tacitly applied, and at other times a warranty is spoken of as a condition precedent or vice versa. * * *

"It would be subtle to the last degree to distinguish between clauses originally inserted in a policy to make certain facts conditions precedent (e. g., payment of premium by a given day or the sound health of the insured

at the date of the policy) and warranties of those facts in the application, which were absorbed in the policy as part of the contract. Such a distinction could have no solid foundation in reason or justice. * * * To our minds this construction of the statute is not called for by the language in which it is framed and would go far toward defeating its purpose and destroying its usefulness."

The opinion then proceeds to point out that the statute was intended to obviate an avoidance of liability because of immaterial errors in representation and warranties, and that to give the statute the interpretation contended for would be to sanction the very mischief thus intended to be avoided, for under such construction such defenses based on warranties the statute aims to exclude would be introduced into the policies as conditions precedent. It is further noted by that court that in the case of Insurance Co. v. Riggs, 203 U. S. 243, 27 Sup. Ct. 126, 51 L. Ed. 168, 7 Ann. Cas. 1104, the effect of the holding was to give the statute of Missouri that character of interpretation, although the opinion did not discuss the distinction between warranties and conditions precedent.

The authorities relied upon by counsel for appellant in the instant case, among them Barker v. Metropolitan Life Ins. Co., 188 Mass. 542, 74 N. E. 945, Met. Life Ins. Co. v. Howle, 62 Ohio St. 204, 56 N. E. 908, and Packard v. Met. Ins. Co., 72 N. H. 1, 54 Atl. 287, are treated by the Missouri court and sought to be differentiated. We have likewise examined these cases, and find the case of Barker v. Metropolitan Life Ins. Co., supra, is more nearly in point, as sustaining appellant's contention.

In Empire Life Ins. Co. v. Gee, 171 Ala. 435, 55 South. 166, while it was stated that our statute was substantially that of Massachusetts, yet it was noted, on page 439 of the opinion of 171 Ala., on page 168 of the opinion of 55 South., that the words "or warranty made therein" appear in our statute, as distinguished from that of Massachusetts, and this may make a distinction sufficient for the purposes of here differentiating the Barker Case.

The evils intended to be remedied by the enactment of section 4572 are well understood, and have been frequently noted, and this court has held that this statute should be liberally construed so as to effectuate the legislative intent. The statute not only refers to representations, but also to warranties made in negotiation of a contract or policy of life insurance, or in the application therefor, and provides that no such written or oral representation or warranty therein made shall defeat or void the policy or prevent its attaching, unless made with actual intent to deceive, or unless the matter represented increase the risk of loss. The very words "or prevent its attaching" would strongly indicate a legislative intent to include within the meaning of the word "warranty" any such warranty which was in the nature of a condition precedent, and such manifest intent should not be defeated by a technical distinction between conditions precedent and warranties. If the authorities relied upon by counsel may not be differentiated from the instant case, we would then decline to follow them, as containing no sufficient predicate for the proper interpretation of our statute. This question was not presented in the case of Cherokee Life Ins. Co. v. Brannum, supra, and we find nothing in that case out of harmony with the conclusion here reached.

A similar clause was embraced in plea 4 under consideration in Am. Nat. Ins. Co. v. Wright (Ala. Sup.) 87 South. 577,[1] but the question was not raised by demurrer, and not considered.

We are therefore of the opinion that the language used in the application, as set forth in the plea, whether technically a condition precedent or more liberally designated a promissory warranty, should nevertheless be properly construed as intended to be embraced within the meaning of the word "warranty" as found in the statute, and within the influence of section 4572 of the Code. The court therefore correctly sustained the demurrer to these pleas.

Several of the pleas upon which issue was joined set up certain statements made by the insured in the application for the policy concerning his previous condition of health, whether or not he had been attended by a physician for any sickness within the last five years, and that he was in good health, and alleging that these statements were untrue, and increased the risk of loss.

[3] Pleas A and B were substantially the same as pleas 2 and 25, just discussed, with the exception that they concluded by averring that the condition increased the risk of loss. Pleas A and B therefore put in issue as to whether or not the insured did in fact continue in good health from the date of the application for the policy until the time of the delivery on February 19, 1919. In the application the insured had stated, in answer to the questions as to any sickness or treatment by a physician within last five years, that he had but one illness, that of influenza, for which he was treated by a physician in October, 1918, which was of seven days' duration, of moderate severity, and good results.

The evidence for the defendant, however, tended to show that in January, 1919, the insured had consulted Dr. Faulk of Tuscaloosa for abdominal pains, for which the physician had prescribed, and that following this, in the later part of January, he had been sick in bed for a period of two days with violent abdominal pains, and treated by

[1] 205 Ala. 186.

the same physician. It further appears that subsequent to this, but before the application for insurance, the insured had consulted Dr. Kolhman in New Orleans. The application bears date February 6, the medical examination report is dated the following day. Mrs. Jones, a trained nurse, testified that she was called to the home of the insured on February 7, 1919, and found him very ill; that she remained there some seven or eight days; that Dr. Faulk was in attendance upon him; that insured had violent cramping spells and was taking no nourishment, except liquids, and was confined to his bed. The testimony of Dr. Leach discloses that in the absence of Dr. Faulk he was called, and on February 12th he went in consultation on the case with Dr. Faulk; that they considered his condition gravè, suffering from an acute pain in the abdomen, and that the condition of the gall bladder could have caused such suffering. Dr. Faulk testified as to having attended the insured during that time, and that he found him suffering great pain, vomiting, and some fever; and that in his opinion he was then seriously ill, that he so told insured, and discussed that fact with him. The insured consulted other physicians in March, and during that month went to Birmingham, and also consulted with Dr. Watkins, and it was concluded he was probably suffering from gall bladder trouble, and an exploratory operation was decided upon and had April 1st, and pus removed from the gall bladder. The insured died the next day from ether pneumonia. It appears to have been the consensus of opinion among the physicians that the condition of the gall bladder had been the primary cause of the abdominal pains and sickness of insured, and that his illness was of a serious nature. The examining physician of defendant company made no discovery of this condition, as he testifies the only way by which such disease was discoverable by such examination was to have his attention directed to the symptoms; that on examination of insured these matters were not disclosed, and as pressure was applied to the abdomen the insured answered there was no "pain or trouble in that region."

Counsel for appellant insist that defendant in the court below was entitled to the affirmative charge, citing Mutual Life Ins. Co. v. Dibrell, 137 Tenn. 528, 194 S. W. 581, L. R. A. 1917E, 554, among other authorities, to which may be added, as upon the same general question, Johnson v. Life Ins. Co., 123 Minn. 453, 144 N. W. 218, Ann. Cas. 1915A, 458; 3 Cooley's Briefs on Ins. 2000; Penn Mut. Life Ins. Co. v. Mechanics' Savs. Bk., 72 Fed. 413, 19 C. C. A. 286, 73 Fed. 653, 19 C. C. A. 316, 38 L. R. A. 33.

It is unnecessary, however, that we enter into a discussion of the question presented by these authorities. The scintilla rule of evidence prevails in this state, and under this rule the conclusion has been reached that by the evidence offered by plaintiff, however slightly it may be considered as presenting any conflict with that of the defendant, yet was sufficient to present an issue of fact upon which the questions thus raised by the pleadings, and that therefore the affirmative charge was properly refused.

[4] The next insistence of appellant's counsel is that the court erred in refusing to grant a new trial upon the ground the verdict was contrary to the great weight of the evidence. We are fully mindful that upon questions of this character much deference is to be accorded the views of the trial judge, and that the powers of this court in this regard should be exercised with the greatest caution, but, as said by this court in Southern Ry. v. Grady, 192 Ala. 515, 68 South. 346:

"Courts are organized that justice may be evenly administered, and if after allowing all reasonable presumptions in favor of the correctness of the verdict of the jury, the preponderance of the evidence against the verdict is so decided as to involve the conviction that it is wrong and unjust, then it is the duty of the court to so exercise its power and grant the new trial."

The evidence in this case has been very carefully read and considered by this court in consultation, and a discussion of it in detail would serve no useful purpose. Let it suffice to say that we have reached the conclusion that the verdict was so contrary to the overwhelming weight of the testimony upon the issues as thus presented as to be plainly wrong, and should be set aside.

It results therefore that the court erred in overruling the motion for a new trial, for which the judgment must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.