(93 South. 502)

## AMERICAN NAT. INS. CO. v. ROSEBROUGH. (7 Div. 299.)

(Supreme Court of Alabama. April 20, 1922. Rehearing Denied May 18, 1922.)

1. Evidence ☜506—Physician's testimony as to whether insured's condition increased risk of loss inadmissible as a conclusion on a matter in issue.

In action on life policy, defended on the ground that policy was void because of false statements in application as to insured's physical condition, exclusion of answers to questions propounded by insurer to a physician as to whether the physical condition of the insured at the time the policy was issued increased the risk of loss or probable loss on the policy *held* proper, since the questions called for a conclusion on a matter directly in issue, and the testimony of the physician should have been confined to a statement of the facts concerning the physical condition of the insured, the disease, if any, and its effect on the body, and permit the jury itself to decide whether insured's condition increased the risk.

2. Witnesses ☜379(3)—Testimony that physician had stated insured did not have Bright's disease admissible to impeach physician's testimony.

In action on life policy, defended on the ground that the policy was void because of statement by insured in application that he was in good condition, and had not been treated by a physician since a stated date, though subsequent to such date he had been treated for Bright's disease, and was suffering from such illness at time of application for policy, in which a physician testified that he had treated insured for Bright's disease subsequent to the stated date, testimony of insured's daughter that her mother had asked such physician when he attended the insured if insured had any symptoms of Bright's disease, and that physician stated that there were no such symptoms, *held* admissible to impeach the testimony of the physician.

3. Evidence ☜471(13)—Testimony that insured suffered from symptoms of Bright's disease not inadmissible as conclusion.

In action on life policy, defended on the ground that the policy was void because of false statement in application that insured was in good condition, made with knowledge that he was suffering with Bright's disease, in which there was testimony as to certain symptoms of Bright's disease, testimony that insured, during the month in which the policy was issued, and the two preceding months, had suffered from such symptoms *held* admissible to show

that he had Bright's disease at such time; such testimony not constituting a conclusion of the witness.

4. Insurance ☜668(3)—Whether insured was suffering from Bright's disease at time of issuance of policy held for jury.

In action on life policy, defended on the ground that the policy did not take effect under provision requiring insured to be in sound health on issuance of policy because insured at such time, with knowledge thereof, was suffering from Bright's disease, the question of whether the insured was suffering from Bright's disease when policy was issued *held* for the jury.

5. Insurance ☜665(2)—Verdict that insured did not suffer from Bright's disease at time of issuance of policy with knowledge thereof held contrary to evidence.

In action on life policy, defended on the ground that the policy did not take effect under provision requiring insured to be in sound health on issuance of policy because insured at such time, with knowledge thereof, was suffering from Bright's disease, denial of the insurer's motion for a new trial 'on the ground that the verdict of the jury was contrary to the great weight of the evidence *held* error.

Appeal from Circuit Court, Calhoun County; S. W. Tate, Special Judge.

Action on policy of life insurance by Mrs. L. E. Rosebrough, as guardian, against the American National Insurance Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Knox, Acker, Sterne & Liles, of Anniston, for appellant.

Where preponderance of testimony is in favor of either plaintiff or defendant, the court should not refuse a motion for a new trial because there was a scintilla of testimony to the contrary. 171 Ala. 294, 54 South. 626; 204 Ala. 332, 85 South. 390. The provision in the policy that it should not be binding on the insurer, unless at the date of delivery the insured was alive and in sound health, was valid. 45 South. 208. Counsel argue other questions, but without citing additional authorities.

Chas. F. Douglas, of Anniston, for appellee.

Unless the verdict is such as to show bias or prejudice, it should be allowed to stand. 92 Ala. 630, 9 South. 738; 201 Ala. 193, 77 South. 719; 205 Ala. 47, 87 South. 574; 205 Ala. 250, 87 South. 358; 204 Ala. 559, 86 South. 548; 203 Ala. 412, 84 South. 272; 202 Ala. 317, 80 South. 399; 202 Ala. 220, 80 South. 42; 202 Ala. 214, 80 South. 36; 203 Ala. 284, 82 South. 534; 82 South. 557.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

MILLER, J. Mrs. L. E. Rosebrough, as guardian of the estate of Clifford Rosebrough, sues the American National Insurance Company, a corporation, to recover the sum of $250 on a policy of life insurance issued by the defendant on the life of L. E. Rosebrough. Said policy was payable to Clifford Rosebrough.

The defendant pleaded: First, general issue; second, that the application of decedent for the policy which was made part of it contained this statement made by him, that the present condition of his health was good, that the date of his last sickness was in June, 1918, and had not been treated by a physician since June, 1918; the illness then was malaria, and that he had no physical infirmity at that time—and defendant avers said statements in the application were untrue, they were known to applicant to be untrue, that they were made by him with the actual intent to deceive defendant, that defendant relied on said statements in issuing the policy, and that no medical examination for the issuance of that policy was required by the defendant; and defendant avers that the decedent was not in sound physical condition at that time, that he had been treated in May and June, 1919, by a physician for Bright's disease and diabetes, and was suffering from said ailments at the time the application was made, and died August 18, 1919, from said illness, of which he was suffering on the 2d of July, 1919, when the application of the policy was made.

Plea 3 was practically the same as plea 2, except it averred misrepresentations "were made with the actual intent to deceive and deceived the defendant into issuing the contract of insurance or increased the risk of loss." Plea 5 sets up the terms and conditions in the policy contract, which contains this provision:

"Provided, however, that no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health."

It avers insured was alive on the date of the policy, but was not in sound health; that he was suffering at that time from Bright's disease from and on account of which he died on August 18, 1919; and this condition of his health was unknown to it, and hence defendant is not liable on said policy. Plea 6 is the same as plea 5, except the word "diabetes" is used in plea 6 where the words "Bright's disease" are used in plea 5.

Each of the pleas 2, 3, 5, and 6 contain averments that, after discovering insured was afflicted as above stated, defendant tendered to plaintiff's attorney the premiums paid by insured, and it was refused, and it [defendant] now tenders into court said sum, together with all costs and interest. There was a verdict by the jury in favor of plaintiff for $262.43, judgment thereon by the court, and defendant appeals.

[1] The court did not err in sustaining objections of plaintiff to questions propounded by defendant to its witness Dr. Van Zandt as to whether or not the physical condition of insured on July 14, 1919, when the policy was issued, increased the risk of loss or probable loss on the life insurance policy. The questions called for a conclusion. They called for a conclusion on a matter directly in issue. The witness should state the facts —state the physical condition of insured at the time, the disease, if any, and its effect on the body—and let the jury decide whether or not the physical condition of the decedent at the time, as shown by the facts, increased the risk of loss on the policy. Weller & Co. v. Camp, 169 Ala. 275, 52 South. 929, 28 L. R. A. (N. S.) 1106.

Mrs. Rosebrough, wife of insured, and the plaintiff, testified:

"I talked with Dr. Van Zandt about it. All I asked Dr. Van Zandt was when he brought him (insured) a little vial of medicine one day in passing. Mr. Rosebrough's mother died with Bright's disease, and I asked him if my husband had symptoms of Bright's disease, and he said he did not, that he would have him all right in a few days."

Dr. Van Zandt testified:

He did not remember whether he took the bottle of medicine down there to the house; but he testified that between May 4 and June 29, 1919, while he was treating the insured for Bright's disease, he told her (plaintiff) "His kidneys were in bad shape, and that I could not do any more for him. * * * I did not tell her that Mr. Rosebrough was getting along fine, and that this bottle of medicine would soon have him all right; I am positive of that and know that I did not tell her that."

He also testified that the insured had Bright's disease, and he treated him for it from May 1 until the last of June, 1919.

[2] The court did not err in permitting Stella Rosebrough to testify that her mother asked Dr. Van Zandt at their house when he brought a bottle of medicine for her father if the insured had any symtoms of Bright's disease, and the doctor replied that "he did not have any symtoms of Bright's disease," and left a vial of medicine there. No ground was stated by the defendant to his objection to the question. It was the same conversation testified about by Mrs. Rosebrough. The question called for evidence that tended to impeach the testimony of Dr. Van Zandt, who was a witness for defendant, about a matter material to the issue by showing that he made statements to them (Mrs. Rosebrough and her daughter) contrary to his testimony in court. A predicate was laid with the witness and Mrs. Rosebrough for such testimony. The testimony of this witness tended to contradict Dr. Van Zandt, and

to corroborate Mrs. Rosebrough. The question called for relevant and competent evidence. The court properly overruled the objection to it. Brown v. State, 79 Ala. 61; People's Shoe Co. v. Skally, 196 Ala. 349, 71 South. 719; 1 Mayf. Dig. p. 888 (c), Impeaching or Discrediting Witness by Contradictory Statements, § 1.

[3] The court did not err in allowing a witness to testify whether during the months of May, June, and July, 1919, the year the insured died, he (insured) would move around quickly, glibly, or sluggishly, and whether his getting up at night to urinate was what it had been for a number of years preceding that time. There was evidence that slow, sluggish movements of a person and frequent urination are some of the symptons of chronic Bright's disease. Any evidence which tended to show that the insured had Bright's disease in May, June, and July, 1919, was material to the issues in the case. These questions did not call for a conclusion of the witness, but for collective or concrete facts seen and known by the witness. The court did not err in allowing plaintiff to propound the question to the witnesses. Montgomery St. R. Co. v. Shanks, 139 Ala. 489, headnote 5, 37 South. 166; B'ham Ry. & E. Co. v. Jackson, 136 Ala. 279, 34 South. 994.

[4] The defendant asked the court to give the general affirmative charge, with hypothesis, for it. The court refused this charge, and it is assigned as error by the defendant.

The plaintiff introduced the policy. It was dated July 14, 1919, and was on the life of L. E. Rosebrough, payable to Clifford Rosebrough, in the sum of $250, by the terms of which, among other things, in its face, it is provided that—

"No obligation is assumed by the company prior to the date hereof nor unless on said date the insured is alive and in sound health."

This court, in Powell v. Prudential Ins. Co., 153 Ala. 619, 45 South. 210, wrote:

"Here we find that two absolute conditions precedent of the contract of insurance, were set aside or annulled, in which the friends of the deceased attempted to do, in that, the first premium was never paid by the assured nor any one for him, and if, by any possible construction, it could be held that it was paid, it is not pretended that the assured was not fatally sick at the time, of which fact the company was ignorant, and further, it is not denied that the policy was never delivered—if what was done could possibly amount to a delivery—until after the death of the assured. To hold that the policy was good under such circumstances, would be to abrogate and set aside the contract of insurance, and hold the company liable for a payment of the policy against the very terms of its contract."

A similar condition or provision to the one in this policy in this present case was passed on by this court in Am. Nat. Life Ins. Co. v. Wright, 205 Ala. 186, 87 South. 577, head-note 2. See, also, Mut. Life Ins. Co. v. Temmie Mandelbaum, ante, p. 234, 92 South. 440.

The application for the policy was made in writing July 2, 1919. Its contents corresponded with the averments made in the pleas in regard to it. The insured died of Bright's disease on August 18, 1919, according to the evidence of Dr. Van Zandt. This physician testified that the insured had this disease, and was being treated by him for it in April, May, June, and July, 1919, and until he went to Birmingham. He testified:

"From my knowledge as a physician of Bright's disease, such as I found Mr. Rosebrough to have at the time I was treating him, there is no cure for it. When a man has Bright's disease in the advanced state there is no cure. At the time I saw Mr. Rosebrough, he had Bright's disease in advanced state. I don't remember whether I saw him on the 14th of July or not, but basing my opinion of him on his disease I don't think it could be improved any, and it is my opinion that on the 14th of July, 1919, he had Bright's disease. I talked with Mr. Rosebrough about his physical condition when I was treating him."

Mrs. Rosebrough, wife of insured, testified:

"I do not know when Mr. Rosebrough went to see Dr. Van Zandt. I talked with Dr. Van Zandt about it, but I do not know when it was when he went. All I asked Dr. Van Zandt was when he brought a little vial of medicine one day in passing. Mr. Rosebrough's mother died with Bright's disease, and I asked him if my husband had any symptoms of Bright's disease, and he said he did not; that he would have him all right in a few days. That was before I carried him to Birmingham. That was the only time I had a talk with Dr. Van Zandt."

Stella Rosebrough testified to this same conversation between her mother and Dr. Van Zandt. It appears in substance in another part of this opinion. The testimony of Dr. Van Zandt was vigorously contrary on this subject to the testimony of Mrs. Rosebrough and her daughter. He denied making any such statement to them.

Each plea avers that the insured had Bright's disease or diabetes when the application was made on the policy issued.

The evidence tending to show that Dr. Van Zandt made statements out of court contradictory to his sworn statements in court as to the insured having Bright's disease while he was treating him in 1919 made the credibility of the evidence on that subject a question for the jury to settle. And, under the scintilla of evidence rule, which prevails in this state, when this conflict in the evidence appeared, however slight, it was sufficient to present an issue of fact for the jury to decide; and therefore the court did not err in refusing to give that charge requested by the defendant. Mut. Life Ins. Co. v. Temmie Mandelbaum, ante, p. 234, 92 South. 440; Penticost v. Massey, 202 Ala. 681, 81 South. 637.

[5] The defendant made a motion for a

new trial. It was overruled by the court. This is assigned as error. Some testimony is stated in this opinion. It is not necessary for us to refer to all of it. However, we have read all of it carefully. The verdict of the jury is contrary to its weight; it is contrary to the great weight of the evidence; it is contrary to the overwhelming weight of the evidence; from the evidence it appears to us wrong and unjust; and we therefore find that the court erred in refusing to grant the motion for a new trial. Mut. Life Ins. Co. v. Temmie Mandelbaum, ante, p. 234, 92 South. 440; So. R. Co. v. Grady, 192 Ala. 515, 68 South. 346.

For the error mentioned, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.