(107 So. 43)

BROTHERHOOD OF RAILWAY & STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS & STATION EMPLOYEES v. RIGGINS.   (6 Div. 712.)

(Court of Appeals of Alabama.   June 30, 1925. Rehearing Denied Aug. 4, 1925.   Reversed on Mandate Feb. 2, 1926.)

1. Insurance ☞825(2)—Evidence held not to show as matter of law that insured having curvature of spine intentionally "deceived" fraternal organization by representation that general health was good (Code 1923, § 8507).

That one afflicted with curvature of the spine stated in his application for insurance in fraternal organization that his general health was good *held* not to show as matter of law that he intentionally "deceived" insurer within meaning of Code 1923, § 8507, where it appeared that insured's condition was very pronounced, and that he was a member of organization in good standing.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Deceive.]

2. Insurance ☞723(5)—Misrepresentation of one insured in fraternal organization, and afflicted with curvature of spine, that he was in general good health, held not to "increase the risk of loss" (Code 1923, § 8507).

Where one, at time of making application for insurance in fraternal organization, was afflicted with curvature of the spine, and stated in application that his general health was good, and later died as result of pneumonia and tu-

berculosis of the spine, *held* that such alleged misrepresentation did not "increase the risk of loss" within Code 1923, § 8507; "risk of loss" as used referring to that contemplated by insured at time of issuance of policy.

3. Insurance ☞825(2) — In action on insurance policy, general affirmative charge for fraternal organization held properly refused (Code 1923, § 8507).

In action on insurance policy issued by a fraternal organization, general affirmative charge in defendant's favor *held* properly refused, where it did not appear that alleged misrepresentation as to insured's health was made with actual intent to deceive, or that matter represented increased risk of loss within Code 1923, § 8507.

Appeal from Circuit Court, Jefferson County;  C. B. Smith, Judge.

Action on a policy of life insurance by Blanton Riggins against the Brotherhood of Railway & Steamship Clerks, Freight Handlers, Express & Station Employees.   From a judgment for plaintiff, defendant appeals. Reversed on mandate.

Certiorari granted by Supreme Court in Brotherhood, etc., v. Riggins, 214 Ala. 79, 107 So. 44.

Nesbit & Sadler, of Birmingham, for appellant.

Defendant was due the affirmative charge. McConnell-White-Terry Co. v. Fidelity & Deposit Co., 102 So. 617, 212 Ala. 339; 25 Cyc. 814; 3 Joyce on Ins. (2d Ed.) § 2004.

Arlie Barber, of Birmingham, for appellee.

The question was one for the jury. Tubb v. Liverpool, etc., Co., 17 So. 615, 106 Ala. 651; Ala. Gold L. I. Co. v. Johnston, 2 So. 125, 80 Ala. 467, 59 Am. Rep. 816; Bacon, L. & A. Ins. (4th Ed.) 509.

RICE, J.   This appeal is from the judgment in a suit upon a policy of life insurance issued to Roy Hobart Riggins, and payable to Blanton Riggins, his father, the plaintiff, in the court below.

The insured died December 31, 1923, while suffering from pneumonia and tuberculosis of the spine.   The evidence is confused as to which disease was the primary cause of his death.   The attending physician first reported to the appellant that the tuberculosis of the spine was the primary cause and later reported that the pneumonia was the primary cause.   In each report he named the other disease as being the secondary cause.

It was shown without dispute that for a long time prior to the date of the application for the insurance the deceased was suffering from tuberculosis of the spine, and had been under treatment for that disease, and that such affliction was a disease which adversely affected a person as an insurance risk.   It

was likewise shown that from his birth the insured had curvature of the spine or what is called a "hunchback," and that this condition was very pronounced and very noticeable; also that "to a professional man curvature of the spine indicates tuberculosis of the spine"; too that, for a great number of years, insured rarely, if ever, lost a day from his work on account of sickness, that he worked right up to the third day before his death, apparently in his usual condition of health.

In his application for the policy here sued on, made on October 7, 1922, insured, in answer to the question, "What is the present condition of your health?" answered, "General health good."

It should be noted that the appellant is a fraternal organization, of which the insured was, at the time of making the application, issuance of the policy, and his death, a member in good standing, and that his signature to the policy of insurance mentioned, was witnessed by the president of the local lodge to which he belonged.

Appellant, in prosecuting this appeal from the judgment rendered against it, assigns but a single error, the refusal of the trial court to give in its behalf the general affirmative charge; the contention being that insured's statement in his application that his general health was good, under the circumstances, constituted a breach of warranty in such sort as to render the policy issued to him inoperative to bind it to pay.

Section 8507 of the Code of 1923 provides:

"No written or oral misrepresentation, or warranty in any contract of insurance made by a secret fraternity, or other organization of like kind, which insures its members, or others, or in the negotiation of such a contract of insurance, or in the application therefor, or proof of loss thereunder, shall defeat or avoid the contract of insurance, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss."

[1, 2] Under the evidence, as disclosed by the bill of exceptions, we hold that it is shown that it cannot be said as a matter of law appellant was either deceived or misled by the statement, above referred to, contained in the application of insured for the policy here sued on. No physical examination was made or requested. Insured's appearance indicated his ailment. It is clear the "misrepresentation," if it was such, relied upon to defeat the policy, was not and could not have been made with "actual intent to deceive," and we think the "risk of loss" mentioned in the above-quoted section of the Code of 1923 has reference to the "risk of loss" contemplated by the insured at the time of the issuance of the policy. Construed in this way, it is evident that the said "misrepresentation" did not "increase the risk of loss."

[3] We therefore hold that there was no error in refusing to give the general affirmative charge in appellant's favor. Code 1923, § 8507; 25 Cyc. 814; Joyce on Insurance (2d Ed.) vol. 3, § 2004; Providence Sav. Life Ass. Soc. v. Pruett, 37 So. 700, 141 Ala. 688; Empire Life Ins. Co. v. Gee, 55 So. 166, 171 Ala. 435; Mutual Life Ins. Co. of N. Y. v. Mandelbaum, 92 So. 440, 207 Ala. 234, 29 A. L. R. 649; Ala. Gold Life Ins. Co. v. Johnston, 2 So. 125, 80 Ala. 467, 59 Am. Rep. 816.

There being no prejudicial error in the record, the judgment is affirmed.

Affirmed.

PER CURIAM. Reversed and remanded on authority of Brotherhood of Railway & Steamship Clerks, etc., v. Riggins, 214 Ala. 79, 107 So. 44.