(137 So. 290)

.MUTUAL LIFE INS. CO. OF NEW YORK v. MADDOX.

6 Div. 800.

Supreme Court of Alabama.

Oct. 29, 1931.

Douglas Arant and W. M. Neal, both of Birmingham, Frederick L. Allen, of New York City, G. M. Holmes, of Aberdeen, Miss., Bradley, Baldwin, All & White, of Birmingham, and J. C. Milner, of Vernon, for appellant.

R. G. Redden and O. E. Young, both of Vernon, for appellee.

This cause was submitted under rule 46.

Upon a full and careful consideration, the decision of the court is expressed in the following opinion prepared by Justice BOULDIN:

In the policy of insurance sued upon the insurer did not assume the risk of death by suicide within one year from the date of the

[1] Ante, p. 58.

504

policy, and liability was expressly excluded in such event.

On the former appeal, Mutual Life Ins. Co. of New York v. Maddox, 221 Ala. 292, 128 So. 383, we held that, in view of the presumption against suicide, and the fact that the evidence was circumstantial, the affirmative charge was properly refused to defendant. The cause was reversed for refusal to admit evidence tending to show the insured was addicted to drink at the time and for some months before he came to his death.

The sole question presented on this appeal is the denial of defendant's motion for a new trial on the ground that the verdict is clearly wrong and unjust, in that it is not supported by the evidence, but is opposed to the clear and convincing weight of the evidence.

This record discloses a chain of circumstantial evidence so conclusive as to exclude every reasonable hypothesis other than that the insured came to his death by a pistol shot through the temples fired from his own pistol and by his own hand.

A discussion of the evidence would serve no good purpose.

The duty and responsibility of this court in such case is clearly defined in Southern Railway Co. v. Grady, 192 Ala. 515, 68 So. 346; Mutual Life Ins. Co. v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A. L. R. 649; American National Ins. Co. v. Rosebrough, 207 Ala. 538, 93 So. 502.

The trial court erred in refusing the motion for a new trial. A new trial is here granted.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.